JAMES RIDGE v. JOHN P. COWLEY.

STATUTE OF LIMITATIONS. *Bills and notes.* A citizen of Alabama executed in that State to a citizen of this State his note, under seal, at one day, for a given sum, and, seven years thereafter, removed into this State, and was sued on the note by the payee. *Held,* that the statute of limitations of this State only began to run in favor of the debtor, under the act of 1865, ch. 10, sec. 3, from the time he came into the State.

FROM LINCOLN.

Appeal in error from the Circuit Court of Lincoln, county. J. J. WILLIAMS, J.

JOE G. CARRIGAN for Ridge.

J. W. NEWMAN for Cowley.

COOPER, J., delivered the opinion of the court.

On the 3d of May, 1872, James Ridge executed to John P. Cowley his note under seal, payable one day after date, for $56.50. At that time Cowley resided in this State, and Ridge in the State of Alabama, and the note was executed in the latter State. Ridge continued to reside in Alabama until the spring of 1879, when he removed to Tennessee. This suit was brought upon the note on the 7th of November, 1879. Upon the trial in the circuit court without a jury, the judge gave judgment in favor of the plaintiff Cowley, and Ridge appealed in error.

The defense relied on is the statute of limitations of six. years of this State. It is not shown that the bar of the statute of limitations of Alabama had attached while Ridge resided in that State: Code, sec. 2783. The general rule is, that the law of the State in which the suit is instituted, without regard to the place where the cause of action originated, regulates the prescription, and has been followed by this court: *Estes* v. *Tayle*, Meigs, 34. The action would therefore be barred, unless the law has been changed by the act of 1865, ch. 10, sec. 3 (T. & S. Rev., sec. 2762*b*), which reads thus: "If at any time any cause of action shall accrue against any person who shall be out of this State, the action may be commenced within the time limited therefor, after such person shall have come into the State; and after any cause of action shall have accrued, if the person against whom it has accrued shall be absent from or reside out of the State, the time of his absence or residence out of the State shall not be taken as any part of the time limited for the commencement of the action."

The provision of this section which relates to the removal of the debtor from the State after the cause of action had accrued, was considered and held to include the administrator of the debtor in *Smith* v. *Arnold*, 1 Lea, 378. The first clause of the section seems never. to have been construed. And the point is, whether the statute was intended to apply only to contracts between citizens or residents of this State who may be out of the State when the action accrues, or to all persons without reference to their residence

or citizenship at that time. The language of the section, taken literally, would apply to any person against whom a right of action might accrue, without reference to his residence or citizenship when the contract was entered into. And we see no reason for limiting the meaning of the words where the contract, as in this case, is made with a citizen of this State. If the debtor is not protected by the statute bar of his own State, he ought not to be protected by the limitation of this State, the creditor having no earlier opportunity of suing him in our courts.

Affirm the judgment.