### THEROUX v. NORTHERN PAC. R. CO. et al.

(Circuit Court of Appeals, Eighth Circuit. October 22, 1894.)

#### No. 472.

1. DEATH BY WRONGFUL ACT—LIMITATIONS—LEX FORI OR LEX LOCI.
   An action for death by wrongful act, occasioned in a state which gives three years for suing therefor, may be maintained in another state, which gives only two years, at any time within three years.

2. LIMITATIONS—HOW RAISED—MOTION FOR JUDGMENT.
   The sufficiency of a complaint because it shows the cause of action to be barred should not be raised by motion for judgment, after an answer which does not plead the statute has been interposed, and not withdrawn.

In Error to the Circuit Court of the United States for the District of Minnesota.

Action by Josephine Theroux, administratrix of James Theroux, deceased, against the Northern Pacific Railroad Company and its receivers, for the death of deceased. Judgment for defendant.

C. B. Smith (C. L. Smith was with him on brief), for plaintiff in error.

J. H. Mitchell, Jr., (Tilden R. Selmes was with him on brief), for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. In this case the record discloses that Josephine Theroux, as administratrix of the estate of James Theroux, deceased, brought an action against the Northern Pacific Railroad Company, and Thomas F. Oakes, Henry C. Rouse, and Henry C. Payne, as receivers of that company, to recover damages for the death of her husband and intestate, who was killed in the state of Montana on the 20th day of October, 1890, while in the service of the Northern Pacific Railroad Company as a locomotive engineer. The complaint showed, by proper averments, that the death of the deceased was

occasioned by the wrongful act, neglect, and default of the Northern Pacific Railroad Company, and the suit was founded on the provisions of the damage act of the state of Montana which was in force on October 20, 1890. Comp. St. Mont. 1887, §§ 981, 982. The action was commenced on October 10, 1893,—more than two years, and less than three years, after the death occurred,—in the district court of Hennepin county, Minn., from whence it was removed to the circuit court of the United States for the district of Minnesota. An answer was filed by the defendant company which admitted that James Theroux, the plaintiff's intestate, was killed on or about October 20, 1890, in the state of Montana, while in the employ of the Northern Pacific Railroad Company, but it denied generally all other allegations. Subsequently, while the answer remained on file, a motion was made orally, by the defendant company, for judgment in its favor on the pleadings. This motion was sustained by the court, and a final judgment was entered in favor of the defendant company. The record does not show upon what ground this motion was predicated, and but for the statements of counsel and the assignment of errors we would be unable to tell, except by surmise, why a judgment was rendered in favor of the defendant, without trial, when a well-defined issue of fact requiring a jury trial was presented by the pleadings. We are advised, however, that it was contended on the hearing of the motion that the complaint showed that the cause of action therein stated was barred by limitation, because the Minnesota damage act required a suit like the one at bar to be commenced "within two years after the act or omission by which the death was caused." Gen. St. Minn. c. 77, § 2. This view, as we are advised, prevailed in the circuit court, and the action was dismissed, although the Montana statute on which the suit was founded (sections 981 and 982; supra) allows three years after death occurs within which to commence such an action, and although the suit had been brought within that period. The principal question that we have to determine is whether this ruling can be sustained.

It was held in Boyd v. Clark, 8 Fed. 849, which is a leading case on the subject, that when a statute of a state or country gives a right of action unknown to the common law, and, in conferring the right, limits the time within which action may be brought, such limitation is operative in any jurisdiction where it is sought to enforce such cause of action. The same doctrine was recognized and approved in the following cases: The Harrisburg, 119 U. S. 199, 214, 7 Sup. Ct. 140; Munos v. Southern Pac. Co., 2 U. S. App. 222, 2 C. C. A. 163, 51 Fed. 188; Eastwood v. Kennedy, 44 Md. 563; Railway Co. v. Hine, 25 Ohio St. 629; and O'Shields v. Railway Co., 83 Ga. 621, 10 S. E. 268. Indeed, it may be said that cases of the kind last referred to form a well-established exception to the general doctrine that the lex fori governs in determining whether a cause of action is barred by limitation. An attempt is made to distinguish the case at bar from Boyd v. Clark, supra, and to exempt it from the operation of the rule declared in that case, on the ground that in that case an effort was made to enforce a statutory cause of action

in a foreign jurisdiction after it had ceased to be enforceable in the country by whose laws the right of action was given, whereas in the case at bar the effort is simply to bar a statutory cause of action, when sued upon in a foreign state, by applying thereto the local limitation law which is applicable to similar causes of action when they originate within the state. We recognize the obvious difference between the two cases, but we think that it will not suffice to withdraw the case in hand from the operation of the rule enunciated in Boyd v. Clark and in the other cases heretofore cited. It was said, in substance, by Mr. Chief Justice Waite, in The Harrisburg, supra, that when a statute creates a new legal liability with the right to sue for its enforcement within a given period, and not afterwards, the time within which suit must be brought operates as a limitation of the liability, and not merely as a limitation of the remedy. The same thought was expressed by the supreme court of Ohio in Railway Co. v. Hine, supra, and by the supreme court of Maryland in Eastwood v. Kennedy, supra. In the Ohio case it was said that a proviso contained in a statute creating a new cause of action, which limits the right to sue to two years, is a condition qualifying the right of action, and not a mere limitation of the remedy. It must be accepted, therefore, as the established doctrine, that where a statute confers a new right, which by the terms of the act is enforceable by suit only within a given period, the period allowed for its enforcement is a constituent part of the liability intended to be created, and of the right intended to be conferred. The period prescribed for bringing suit in such cases is not like an ordinary statute of limitations, which merely affects the remedy. . It follows, of course, that, if the courts of another state refuse to permit the cause of action to be sued upon during a part of the period limited by the foreign law, to that extent 'they refuse to give effect to the foreign law, and by so doing impair the right intended to be created. Doubtless, the courts of a state may refuse to enforce a liability unknown to the common law that has been created by the laws of a foreign state or country, but the rule of comity which prevails as between the various states of this Union requires that the courts of each state shall enforce every civil liability that may have been created by the laws of other states, for an act done or omitted within their several territorial jurisdictions, unless the liability so created and sought to be enforced is clearly repugnant to some local law, or is opposed to some well-established public policy of the state whose courts are asked to enforce it. Railroad Co. v. Mase (decided by this court at the present term) 63 Fed. 114; Railroad Co. v. Babcock, 154 U. S. 190, 14 Sup. Ct. 978, and cases cited. In point of fact, nearly every state in this Union has now adopted the provisions of Lord Campbell's act, with slight variations; and we are not aware that the courts of a single state have ever refused to entertain a suit founded on the provisions of that act, as adopted in a sister state, or to give all the provisions of the act full force and effect, where the wrongful act or omission of duty complained of was committed in the latter state. Such being the rule of comity which is generally recognized and enforced, we do not see how the courts of Minnesota, and much

less a federal court sitting in Minnesota, can well refuse to enforce a liability created by the laws of Montana for a wrongful act or omission of duty resulting in death, which was committed in Montana within three years, and more than two years prior to the institution of the suit, merely because the laws of Minnesota provide, with respect to similar acts committed in Minnesota, that suit shall be brought within two years. To refuse to entertain such a suit within three years would be to subtract from the liability, and to impair the right intended to be conferred by the laws of Montana; for the period allowed in which to enforce the liability, as we have before shown, is a substantial part of the liability imposed and of the right intended to be created. Moreover, it cannot be said that, by entertaining the suit after the lapse of two years, the laws of Minnesota would be set at naught, or any well-defined public policy of that state violated; for, in contemplation of law, the two-year limitation prescribed by the statute of that state (chapter 77, § 2, supra) was only intended to apply, and can only apply, to causes of action which originate in that state, and not to causes of action that originate elsewhere. We are of the opinion, therefore, that the circuit court erred in sustaining the motion for judgment on the pleadings.

What we have already said disposes of the case, and necessitates a reversal of the judgment; but the record also presents a question of practice which is of sufficient importance to deserve notice. We have already commented on the fact that the motion for judgment on the pleadings was made by the defendant after issues had been joined by filing an answer, and that this motion, as incorporated in the present record, fails to show on what ground it was rested. It is only by virtue of the briefs of counsel and the assignment of errors that we would be able to say that the circuit court considered the question heretofore decided,—whether the cause of action was barred by limitation. We are aware of the fact that the practice is now established in some of the states in this circuit, notably in Minnesota, of taking advantage of the statute of limitations by demurrer to the complaint, or even by a motion in arrest of judgment after verdict, where the complaint clearly and conclusively shows that the cause of action was in fact barred. Trebby v. Simmons, 38 Minn. 508, 38 N. W. 693. The court said in that case, however, that in consequence of the early construction of the Code of that state, which gave birth to the rule that the statute of limitations may be invoked by demurrer, "the court has been engaged ever since in applying, explaining, and modifying the rule," and that recent modifications of the rule in that state, holding that a demurrer or motion in arrest will not lie unless the complaint conclusively shows that the cause of action is barred, have very nearly abrogated the rule itself, and made it of little practical value, as it will rarely ever happen that a complaint will show, beyond every reasonable intendment, that the cause of action is barred. We are further aware that the supreme court of the United States has sanctioned the practice in the federal courts of invoking the statute of limitations, by demurrer to the complaint or declaration, in those states where the practice is well established in the local tribunals. Bank v. Lowery, 93 U. S. 72; Retzer v. Wood,

109 U. S. 185, 3 Sup. Ct. 164; Bank v. Carpenter, 101 U. S. 567. Our researches, however, do not satisfy us that the federal courts have ever approved the practice (which seems to have been pursued in this case) of moving orally for a final judgment in favor of the defendant on the pleadings, after an answer has been filed which fails to plead the statute of limitations, because the cause of action stated in the complaint is apparently barred by limitation. We think that there is an obvious objection to such a practice, and that it ought not to be tolerated. If a defendant is allowed to interpose a motion for judgment on the pleadings, after an answer has been filed which does not even plead the statute as a defense, it will very frequently happen that the plaintiff will be subjected to unnecessary expense and delay in preparing for trial on issues of fact raised by the answer, and the hearing of cases will be unnecessarily delayed. This would seem to be a sufficient reason for rejecting the practice in question, even if the defense of the statute is not absolutely waived by failing to plead it. We think, therefore, that, when a defendant desires to test the sufficiency of a complaint on the ground that it affirmatively shows that the cause of action is barred by limitation, he should do so by demurrer in the first instance, or, if he has filed an answer and failed to plead the statute, that he should ask leave to withdraw his answer and to demur, and that the latter action should be taken a reasonable length of time before the day appointed for the trial. Such, we think, is the correct practice, and the rule which should be observed by the federal courts. The judgment of the circuit court is reversed, and the cause is remanded with directions to award a new trial.