STANISLAUS NEGAUBAUER v. GREAT NORTHERN RAILWAY COMPANY.[1]

May 13, 1904.

Nos. 13,905—(65).

**Statutory Cause of Action.**

> Where by statute a right of action is given which did not exist at common law, and the statute giving the right also fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition upon the right, and will control, no matter in what forum the action is brought.

**Limitation of Action in Foreign Statute.**

> This action for the death of the plaintiff's son by the alleged neglect of defendant—the death occurring in Montana—may be maintained in this state at any time within three years, as provided by the statute of the state where the death occurred. The limitation on the right of action fixed by the statute of Montana, and not that of Minnesota, controls.

Action in the district court for Stearns county to recover $5,000 for the death of plaintiff's minor son. From an order, Searle, J., sustaining a demurrer to the complaint, plaintiff appealed. Reversed.

*Donohue & Stephens* and *Calhoun & Bennett,* for appellant.

*W. R. Begg,* for respondent.

START, C. J.

This is an appeal by the plaintiff from an order of the district court of the county of Stearns sustaining defendant's demurrer to the com-

plaint. The here material allegations of the complaint are to the effect that on January 13, 1899, Joseph Negaubauer, the minor son of the plaintiff, was, while in the employ of the defendant in the state of Montana, killed by the negligence of the defendant; that the laws of the state of Montana (Code Civ. Proc. 1895, §§ 510, 514, 578, 579) in force at the time of the death of the plaintiff's son provide that an action to recover damages for the death of one caused by the wrongful act or neglect of another must be commenced within three years; that a father may maintain an action for the death of a minor child, when such death is caused by the wrongful act or neglect of another, and such damages may be given as, under all the circumstances, may be just. It appears from the return herein that this action was commenced more than two and less than three years after the death of the minor. The question then to be decided is whether the Montana limitation of three years, or the Minnesota limitation of two years, as provided by section 5913, G. S. 1894, applies to this action.

The cause of action alleged in the complaint did not exist at common law, which gave no right of action for the death of a person caused by the wrongful act or neglect of another. Scheffler v. Minneapolis & St. L. Ry. Co., 32 Minn. 125, 19 N. W. 656. If, then, the plaintiff has or ever had a cause of action for the death of his child by the alleged wrongful act or neglect of the defendant, it is solely by virtue of the statute of Montana, which requires the action to be brought within three years. Now, it is well settled that where by statute a right of action is given which did not exist at common law, and the statute giving the right also fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition upon the right, and will control, no matter in what forum the action is brought. 8 Am. & Eng. Enc. (2d Ed.) 875; Wood, Lim., §§ 9, 194; The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140; Theroux v. Northern Pac. R. Co., 64 Fed. 84, 12 C. C. A. 52; Rodman v. Missouri, 65 Kan. 645, 70 Pac. 642.

Counsel for the defendant concede the correctness of the rule stated, but urge that the statute of Montana giving a father a right of action for the death of his minor child does not itself fix the time within which the action must be brought; hence the rule does not apply to this case. It is true that the limitation upon the right of action is not embraced in

the same section that gives the right, but the section giving the right of action and the section imposing the limitation are a part of the same statute, which is entitled "An act to establish a Code of Civil Procedure," approved February 14, 1895. Sanders' Montana Codes & St. 1895, §§ 510, 514, 578, 579. The provision giving the right of action and the one limiting it, being parts of the same act, are to be construed together, precisely as if they had been placed in the same section, for the right is created and the limitation imposed at the same time. In principle, it can make no difference whether the limitation is in the form of a proviso to the section giving the right of action, as was the statute of Montana when the case of Theroux v. Northern Pac. R. Co., supra, was decided, or in a separate section of the same statute.

Again, the provision of section 5913, G. S. 1894, limiting the time for bringing the action given by it to two years, can have no application, in any event, to the cause of action alleged in the complaint, which originated in another state. Or, in other words, section 5913 applies only to causes of action originating in this state. We hold, then, that the limitation fixed by the statute of Montana applies to the cause of action alleged in the complaint.

The defendant, however, further urges that the courts of this state will not, as a matter of comity, enforce a right of action given by the statutes of another state, unless the statutes of this state give a similar right of action; that the statute of this state limits the right of action for the death of a person by the wrongful act or neglect of another to two years; that such is the public policy of this state; and that its courts must enforce this policy against parties claiming a right of action under the statute of a sister state. The statutes of the two states are not so dissimilar as to justify the courts of this state in refusing to permit the action on the Montana statute to be maintained in this state if brought at any time within the three-years limitation. Herrick v. Minneapolis & St. L. Ry. Co., 31 Minn. 11, 16 N. W. 413; Nicholas v. Burlington, C. R. & N. Ry. Co., 78 Minn. 43, 80 N. W. 776.

It follows that this action is not barred by any statute of limitations, that the complaint states a cause of action, and that the order sustaining the demurrer thereto must be reversed.

Order reversed.