## CAULEY v. S. E. MASSENGILL CO.
## No. 40.

District Court, D. Tennessee,
at Greeneville.
March 14, 1940.

Caldwell, Brown & O'Dell, of Bristol, Tenn., for plaintiff.

Susong, Parvin & Fraker, of Greeneville, Tenn., and Frank W. DeFriece, of Bristol, Tenn., for defendant.

TAYLOR, District Judge.

This is a suit alleging the wrongful death of plaintiff's intestate, Emanuel Cauley, and the pleadings allege that he died in the State of Florida, where the wrongful act complained of occurred on October 16, 1937. The complaint alleges that under the laws of the State of Florida such an action is barred by no statute of limitations until two years after death, and it is alleged that the Florida statute of limitations, Comp.Gen.Laws Fla. 1929, § 4663, subd. 6, is the applicable statute. The suit was instituted November 3, 1939, in the District Court for the Northeastern Division of the Eastern District of Tennessee.

The defendant filed an answer November 18, 1939, and among other defenses interposes the statute of limitations of Tennessee limiting the right to institute such suits in this state to the period of twelve months from the date of the cause of action. Code Tenn.1932, § 8595.

The plaintiff on March 6th filed a motion to strike this plea from defendant's answer "for the reason that the twelve month Tennessee statute of limitation does not apply in this case, but the same is governed by the two year statute of limitations provided for in the Florida statute providing for actions for death by wrongful act".

Thus it is seen the action here, if controlled by the Tennessee statute, is barred, more than one year having elapsed. If controlled by the Florida statute, it was instituted within the period of limitation, and may be maintained.

The question thus presented has been discussed in a number of opinions, both in State and Federal courts. The precise facts of this case have not been directly passed upon by the Supreme Court of Tennessee. It would be interesting to review the cases which have been considered and to discuss the distinction recognized in some of them as constituting the basis for a determination whether the lex loci or lex

fori controls the time within which such actions may be instituted.

■ This court had for consideration in the case of George F. Dugger, Trustee in Bankruptcy v. Hamilton National Bank, 29 F.Supp. 1021, the question of the affect of a period of limitation of time within which an action under Title 12, U.S.C.A. § 86, might be instituted. That section, after creating a right not in existence before its enactment, contained a proviso that such action be commenced within two years from the transaction. This section is typical of statutes creating a right not known to the common law, and conditioning that the right be asserted within a stipulated period. In such cases the existence of the right is conditioned upon the institution of the suit within the time provided, and in such cases clearly the lex loci or the statute limiting the time for the assertion of the right, would follow to the forum, provided the lex fori authorized a longer period for the assertion of such a right. Isaacs v. Neece et al., 5 Cir., 75 F.2d 566, 569; Acme Harvester Co. v. Beekman Lumber Co., 222 U.S. 300, 32 S.Ct. 96, 56 L.Ed. 208; Vaught v. Virginia & S. W. R. Co., 132 Tenn. 679, 179 S.W. 314; Reading Co. v. Koons, 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835; Partee v. St. Louis & S. F. & R. Co., 8 Cir., 204 F. 970, 51 L.R.A.,N.S., 721; Automobile Sales Co. v. Johnson, 174 Tenn. 38, 122 S.W.2d 453, 120 A.L.R. 370. I cannot accept the reasoning in the cases which decide that the lex loci, which creates a right not known to the common law, and conditions the right upon its exercise within a period longer than that granted by the lex fori, couples the period of limitation with the right created by the statute so as to make the lex loci applicable in states which fix a shorter period of limitation for the same cause of action.

While, as stated, the precise factual situation here involved has not been directly passed upon by the Supreme Court in Tennessee, the case of Eates v. Kyle, Meigs 34, 19 Tenn. 34, in a suit on a judgment rendered in a foreign state, affirmed a judgment of the Circuit Court in which the lex fori was given effect as against the lex loci, and the reasoning and authorities cited indicate the disposition that would be made of the question now before the court.

In 15 Corpus Juris Secundum, Conflict of Laws, § 22, p. 953, it is stated:

"Statutes of limitations are generally regarded as regulations founded on local policy, which have no coercive authority abroad, and with which foreign jurisdictions have no concern, and consequently, as is explained in the C.J.S. title Limitations of Actions § 27, also 37 C.J. p. 729 note 13, the general rule is that the law of the forum governs with respect to the limitation of actions. This general rule has been applied in actions on contract, and in actions of tort. The general rule has also been applied in actions on foreign judgments.

"In the case of purely statutory actions wherein the duration of the right is limited by the statute creating it, the limitation has been held to go farther than to the remedy alone and to extend to the substantive right rendering the lex loci applicable. For example, in death actions where the statute goes to the right itself and not merely to the remedy, the rule is, as is discussed more fully in the C.J.S. title Death § 28, also 17 C.J. p. 1240 note 27, that the action for death caused in another state must be commenced within the time fixed by the laws of such other state, irrespective of the time designated by the law of the forum. Where, however, the limitation in death actions is construed as relating only to the remedy, the statute of limitations applicable in the forum governs.

"As is shown in the C.J.S. title Limitations of Actions § 31, also 37 C.J. p. 734 note 50 et seq., by express enactment in some states provision is made for the recognition, with certain restrictions in some instances, of the statutes of limitations of other jurisdictions in which the cause of action arose".

In 17 Corpus Juris, p. 1239, sec. 88, it is said: "While it is well settled that the time within which an action may be brought relates generally to the remedy, and therefore must be determined by the law of the forum, under the view that the special limitations contained in statutes authorizing actions for death are not mere statutes of limitations, but go to the right itself and not merely to the remedy, an action for death caused in another state may and must be brought within the time designated by the laws of such other state, regardless of the time fixed by the law of the state in which the action is brought. Where, however, the statute under which the action is brought contains no special

limitation, or where the limitation contained therein is construed as relating only to the remedy and not as a condition of the right itself, the applicatory statute of limitations of the forum governs".

In support of this text, among other cases cited, is that of Negaubauer v. Great Northern Railroad Co., 92 Minn. 184, 99 N. W. 620, 621, 104 Am.St.Rep. 674, 2 Ann. Cas. 150. This case is strongly relied on by the plaintiff here. In that case the wrongful death occurred in Montana, where there was a three-year statute of limitations. The action was instituted in Minnesota within the three-year period but after the two years had elapsed, and under the law of the forum, such actions were barred within two years. The court here apparently turned the decision on the ground that the Minnesota two-year statute related to wrongful deaths originating within the State of Minnesota, saying: "Again, the provision of section 5913, Gen. St.1894, limiting the time for bringing the action given by it to two years, can have no application, in any event, to the cause of action alleged in the complaint, which originated in another state. Or, in other words, section 5913 applies only to causes of action originating in this state".

There is no basis for such a construction of the applicable Tennessee statutes of limitation, and no such construction has been given them by the courts of Tennessee.

No case has been cited, and I have found none indicating a tendency on the part of the courts of Tennessee to adopt the lex loci in cases such as here presented.

I have carefully considered all of the cases cited and have made such independent investigation as time would permit, and am forced to the conclusion that the lex loci follows the action to the forum only in cases where, under the lex loci, the existence of the right is conditioned upon its exercise within a fixed period. In such cases the right is lost, or more accurately only exists if asserted within the period of limitation. And if the period of limitation of the lex loci is longer than that for the maintenance of similar actions in the forum, the shorter period fixed by the lex loci being a condition to the existence of the right at all controls.

Statutes of limitation being designed according to the sound policy of each state for itself to put at rest litiga-

tion after the lapse of certain varying periods of time cannot be extended by the legislatures of foreign states, and I am unable to accept the argument made in support of the contention that there may be cases in which the right is so inextricably a part of the remedy that the lex loci would control the pursuit of the right after its pursuit in the forum is barred by statutes of the forum.

The weight of authority supports this conclusion, and what has been said results in a sustaining of the plea of the statute of limitations of the forum, and the action must be dismissed.