## MAKI v. GEORGE R. COOKE CO.

### No. 8774.

Circuit Court of Appeals, Sixth Circuit.

Jan. 9, 1942.

664

J. Russell Carroll, of Hopkins, Minn., for appellant.

Thomas H. Adams, of Detroit, Mich. (Charles E. Lewis, Thomas H. Adams, and Hill, Hamblen, Essery & Lewis, all of Detroit, Mich., on the brief), for appellee.

Before HAMILTON, MARTIN, and McALLISTER, Circuit Judges.

MARTIN, Circuit Judge.

This civil action for damages was instituted in the United States District Court for Eastern Michigan against an incorporated resident of Michigan by an individual resident of Minnesota, for damages for personal injuries alleged to have been sustained by appellant in Minnesota as a proximate result of the violation by appellee of a Minnesota Statute (Book 1, Sec. 4174) requiring employers to maintain proper and sufficient ventilation of places where workmen are employed.

The amended complaint charged that from August, 1934, to May 13, 1935, appellant, as a miner in the employ of appellee, was forced to breathe air in a tunnel filled with sand, dust, silica and other foreign materials, in proximate consequence of which he contracted pneumoconiosis and tuberculosis on or about December 15, 1936.

On July 18, 1939, appellant filed his original complaint; on September 16, 1939, an amended complaint; and, on November 8, 1939, a motion to file an amended amended-complaint.

Appellee moved to dismiss the amended complaint and objected to the filing of the amended amended-complaint, on the ground that appellant's civil action accrued on or before May 13, 1935, the last date of his employment, and was therefore barred by Section 13976 of Compiled Laws of Michigan of 1929, which provides: "Actions to recover damages for injuries to person or property shall be brought within three (3) years from the time said actions accrue, and not afterwards; * * *."

The District Court applied the ban of limitation of the forum state and dismissed the action. Two points are advanced by appellant: (1) That the time within which his action could be commenced in Michigan is governed by the six-year limitation statute of Minnesota (Mason's Minnesota Statutes of 1927, Section 9191); and (2) that even if the three-year limitation of the forum state be applied, his action was timely because it did not accrue until pneumoconiosis and tuberculosis affected him, on or about December 15, 1936.

We are cognizant of the doctrine that in diversity of citizenship cases, the rules of conflict of laws which govern are the rules of the state in which the Federal Court sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85

L.Ed. 1477; Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023; 85 L.Ed. 1481, 134 A.L.R. 1462. But we have been pointed to no opinions of Michigan courts which erect signposts to appropriate decision of the instant case.

In construing a statute of its own state, however, the Supreme Court of Michigan did hold that "the applicable rule is that, as the cause of action is created by statute, the statutory conditions, including the period of limitations, must be complied with." Bigelow v. Otis, 267 Mich. 409, 412, 255 N.W. 270, 271.

■ Moreover, the Minnesota ventilation statute is in consonance with Michigan laws of like character. See Michigan Statutes Annotated, Vol. 12, Sec. 17.341, Compiled Laws of Michigan of 1929, Section 8546. Enforcement in Michigan of the Minnesota statute would, therefore, conform to the public policy of the forum.

■ Certain extra-territorial limitation upon statutes of limitation may be recognized as settled. In common law actions, the statute of limitation of the forum is a bar to remedy, even though the action is not barred in the state where it arose; and conversely, an action not barred by the limitation of the forum is maintainable, though barred in the state of origin of the cause of action.

■ "If," however, "by the law of the state which has created a right of action, it is made a condition of the right that it shall expire after a certain period of limitation has elapsed, no action begun after the period has elapsed can be maintained in any state." Restatement of the Law, Conflict of Laws (American Law Institute), Section 605.

Where the statute of a state had created a new liability, with the right to sue for its enforcement, provided the suit was brought within a specified time and not otherwise, the Supreme Court said: "The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all." The Harrisburg, 119 U.S. 199, 214, 7 S.Ct. 140, 147, 30 L.Ed. 358.

But the problem presented us is not soluble by these settled principles. Here, we confront a more complex situation. The State of Minnesota has created by statute a right not existent at common law,

with no delimitation of time for its enforcement. The time limitation for assertion of the right created rests upon a separate Minnesota Statute, covering, inter alia, all actions commenced "upon a liability created by statute, other than those arising upon a penalty or forfeiture." The period of limitation prescribed in this general statute of Minnesota is longer by three years than the time limitation prescribed for personal injury actions under the law of Michigan. May this Minnesota Statute of limitation be construed as carrying extra-territorial force into the forum of the sister state of Michigan, where a cause of action is brought for redress for personal injuries in pursuance of the Minnesota Statute creating a right unknown to the common law?

Had the same statute of Minnesota not only created the right, but also barred the remedy within a fixed period, there would be firm, though not unchallenged, authority for appellant's position. Theroux v. Northern Pacific Railway Co., 8 Cir., 64 F. 84; Brunswick Terminal Co. v. National Bank of Baltimore, 4 Cir., 99 F. 635, 48 L.R.A. 625; Keep v. National Tube Co., C.C., 154 F. 121; Negaubauer v. Great Northern R. R. Co., 92 Minn. 184, 99 N.W. 620, 104 Am.St.Rep. 674, 2 Ann.Cas. 150.

Compare Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813.

Observe obiter dicta in Louisville & N. R. R. v. Burkhart, 154 Ky. 92, 98, 157 S. W. 18, 46 L.R.A.,N.S., 687.

Contra: Tieffenbrun v. Flannery, 198 N.C. 397, 151 S.E. 857, 68 A.L.R. 210; White v. Govatos, 1 Terry, Del., 349, 10 A. 2d 524; Minor, Conflict of Laws, Sec. 10.

We approve the doctrine of Theroux v. Northern Pacific Railway Co., supra. In that case, an administratrix, suing in a United States District Court in Minnesota, was permitted to maintain, under a three-year statute of limitation of Montana, an action for damages for the death of her husband caused by wrongful act in Montana, despite the fact that the statute of the state of the forum limited actions for death by wrongful act to two years, and the action was brought more than two years after the cause of action accrued. The Court of Appeals for the Eighth Circuit said (64 F. op. 86, 87): "Such being the rule of comity which is generally recognized and enforced, we do not see how the courts of Minnesota, and much less a federal court sitting in Minnesota,

can well refuse to enforce a liability created by the laws of Montana for a wrongful act or omission of duty resulting in death, which was committed in Montana within three years, and more than two years prior to the institution of the suit, merely because the laws of Minnesota provide, with respect to similar acts committed in Minnesota, that suit shall be brought within two years. To refuse to entertain such a suit within three years would be to subtract from the liability, and to impair the right intended to be conferred by the laws of Montana; for the period allowed in which to enforce the liability, as we have before shown, is a substantial part of the liability imposed and of the right intended to be created."

In the early case of Boyd v. Clark, 8 F. 849, 852, District Judge Brown, sitting in the Eastern District of Michigan, said: " * * * where a statute gives a right of action unknown to the common law, and, either in a proviso to the section conferring the right or in a separate section, limits the time within which an action shall be brought, such limitation is operative in any other jurisdiction wherein the plaintiff may sue."

█ We see no valid reason why, if a state creates by statute a right non-existent at common law and prescribes in the same statute a limitation period for action which by comity will be applied in the forum of a sister state, a limitation, though found in a separate statute of the creative state made applicable in express terms to actions commenced upon a liability created by statute, should not likewise be recognized and applied in the courts of the forum state. Mr. Justice Holmes aptly expressed this notion in Davis v. Mills, 194 U.S. 451, 454, 24 S. Ct. 692, 694, 48 L.Ed. 1067: "But the fact that the limitation is contained in the same section or the same statute is material only as bearing on construction. It is merely a ground for saying that the limitation goes to the right created, and accompanies the obligation everywhere. The same conclusion would be reached if the limitation was in a different statute, provided it was directed to the newly created liability so specifically as to warrant saying that it qualified the right."

The limitation of the Minnesota Statute, Sec. 9191, Mason's Minnesota Statutes of 1927, seems directed specifically enough to qualify the statutory liability created by the Minnesota Statute, embraced in Section 4174, idem.

Section 9191 provides: "The following actions shall be commenced within six years: 1. Upon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed. 2. Upon a liability created by statute, other than those arising upon a penalty or forfeiture. * * * "

█ Nowhere else in the Minnesota Statutes is a limitation placed upon the right of action created by the ventilation statute of Minnesota, Section 4174. Why should not this limitation accompany the new right created by the statute wherever enforcement of the right is sought, if the substantive law of a sister state is, by comity, to be recognized and enforced?

To deny the just compulsion of this rhetorical question would be to whittle with a dull blade upon illogical niceties.

In view of the basis of our decision, discussion of the second point made by appellant becomes unnecessary.

The judgment of the district court is reversed, and the cause is remanded for trial upon its merits.