## LEWIS v. RECONSTRUCTION FINANCE CORPORATION.

### No. 9975.

United States Court of Appeals
District of Columbia Circuit.

Argued May 20, 1949.

Decided Oct. 17, 1949.

———◇———

Mr. Charles S. Rhyne, Washington, D. C., with whom Messrs. Archie K. Shipe and Eugene J. Bradley, Washington, D. C., were on the brief, for appellant.

Mr. Richard W. Galiher, Washington, D. C., for appellee.

Before EDGERTON and PROCTOR, Circuit Judges, and HIRAM CHURCH FORD, District Judge, sitting by designation.

PROCTOR, Circuit Judge.

The question here is whether an action brought in the District of Columbia under the wrongful death act of Nebraska[1] is subject to the two year limitation of that Act or the one year limitation of the District statute.[2] The question arises out of the death of one Lewis, allegedly due to the

---

1. Rev.Stat.Neb.1943, Section 30-809. "Whenever the death of a person shall be caused by the wrongful act, neglect or default, of any person, company or corporation, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

Rev.Stat.Neb.1943, Section 30-810. "Every such action, as described in Section 30-809, shall be commenced within two years after death of such person. It shall be brought by and in the name of his personal representative, for the exclusive benefit of the widow or widower and next of kin. * * *"

2. Title 16, § 1201, District of Columbia Code (1940). "Whenever by an injury done or happening within the limits of the District of Columbia the death of a person shall be caused by the wrongful

negligence of Defense Plant Corporation, which by congressional authority has been succeeded by Reconstruction Finance Corporation, present defendant and appellee. The suit was filed in our district court about 22 months after the fatal accident. The defendant by answer invoked as a bar the local limitation and moved for judgment on the pleadings. The motion was granted. This appeal followed.

The action of the learned trial judge is supported by considerable authority,[3] which rests upon the view that a time limitation prescribed by a statute creating a right of action, is a declaration of public policy by the enacting state against the institution of any suit of like nature in its courts beyond the period prescribed by its law; that otherwise the effect would be to extend to residents of a state allowing a longer limitation more liberal rights than those accorded its own residents. Hence, where such a conflict arises, the policy thus declared by the state where the suit is brought must prevail over any demands of comity.

However, there is a line of opposing authority which takes the view that as to rights of action of a purely statutory nature, such as the so-called wrongful death statutes, the time thereby prescribed for filing suit operates as a limitation of the liability itself as created by the statute, and not of the remedy alone. It is deemed to be a condition attached to the right to sue. As such, time has been made of the essence of the right, which is lost if the time is disregarded. The liability and the remedy being created by the same statute, limitation of the remedy must be treated as limitation of the right.[4]

act, neglect, or default of any person or corporation, and the act, 'neglect, or default is such as would, if death had not ensued, have entitled the party injured, or if the person injured be a married woman, have entitled her husband, either separately or by joining with the wife, to maintain an action and recover damages, the person who or corporation which would have been liable if death had not ensued shall be liable to an action for damages for such death, notwithstanding the death of the person injured, even though the death shall have been caused under circumstances which constitute a felony; * * *."

Title 16, § 1202, District of Columbia Code (1940). "Every such action shall be brought by and in the name of the personal representative of such deceased person, and within one year after the death of the party injured."

3. Tieffenbrun v. Flannery, 1930, 198 N.C. 397, 151 S.E. 857, 68 A.L.R. 210; Rosenzweig v. Heller, 1931, 302 Pa. 279, 153 A. 346; White v. Govatos, 1939, 1 Terry 349, 40 Del. 349, 10 A.2d 524; Cauley v. S. E. Massengill Co., D.C.Tenn.1940, 35 F.Supp. 371; Wright v. Kroydon Co., 1931, 154 A. 195, 9 N.J.Misc. 287; 3 Beale, Conflict of Laws § 605.1; Restatement, Conflict of Laws §§ 397, 603, 605; 2 Wharton, Conflict of Laws 1264 (3d Ed.); Goodrich, Conflict of Laws § 86; 1 Wood, Limitations 65; Louisville & N. R. Co. v. Burkhart, 154 Ky. 92, 157 S.W. 18, 46 L.R.A.,N.S., 687; Tieffenbrun v. Flannery, 198 N.C. 397, 151 S.E. 857, 68 A. L.R. 210; Maki v. George R. Cooke

Co., 6 Cir., 124 F.2d 663, 146 A.L.R. 1356. See also: Hutchings v. Lamson, 7 Cir., 1899, 96 F. 720; Platt v. Wilmot, 1904, 193 U.S. 602, 24 S.Ct. 542, 48 L. Ed. 809; Kaplan v. Manhattan Life Ins. Co., 1939, 71 App.D.C. 250, 109 F.2d 463; Order of United Commercial Travelers of America v. Wolfe, 1946, 331 U. S. 586, 67 S.Ct. 1355, 91 L.Ed. 1687, 173 A.L.R. 1107; Wells v. Alropa Corporation, 1936, 65 App.D.C. 281, 82 F.2d 887.

4. The Harrisburg, 1886, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358; Theroux v. Northern Pac. R. Co., 8 Cir., 1894, 64 F. 84; Wilson v. Massengill, 6 Cir., 1912, 124 F.2d 666, certiorari denied 316 U.S. 686, 62 S.Ct. 1274, 86 L.Ed. 1753; Coffman v. Wood, D.C.Ill. 1934, 5 F.Supp. 906; Calvin v. West Coast Power Co., D.C.Or. 1942, 44 F.Supp. 783; Negaubauer v. Great Northern Ry. Co., 1904, 92 Minn. 184, 99 N.W. 620, 104 Am.St. Rep. 674, 2 Ann.Cas. 150. See also: Davis v. Mills, 1904, 194 U.S. 451, 24 S. Ct. 692, 48 L.Ed. 1067; Engel v. Davenport, 1926, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813; Brunswick Terminal Co. v. National Bank, 4 Cir., 1900, 99 F. 635, 48 L.R.A. 625; Matheny v. Porter, 10 Cir., 1946, 158 F.2d 478; Damiano v. Pennsylvania R. Co., 3 Cir., 1947, 161 F.2d 534; Maki v. George R. Cooke Company, 6 Cir., 1943, 124 F.2d 663, 146 A.L.R. 1352; certiorari denied 316 U.S. 686, 62 S.Ct. 1274, 86 L.Ed. 1758; Boyd v. Clark, C.C.Mich. 1881, 8 F. 849; Thomas Iron Co. v. Ensign-Bickford Co., 1945, 131 Conn. 665, 42 A.2d 145; 3

656

In dealing with this conflict of authority, unaided by any decision of this court directly in point, we conclude that the limitation laid down by the law of the state where the fatal injuries occurred should govern, unless the public policy of the forum is .clearly opposed. We think this view is better supported by reason and authority.

The fact that the Nebraska law provides a longer period for filing suit than the District law does not, in our opinion, manifest any conflict in policy between the two jurisdictions. The purpose of both is to create a right of action within a limited period for death occasioned by negligence. It is immaterial that the time for bringing suit differs in the two statutes. The principle underlying both is the same. Weaver v. Baltimore & O. Railroad Co., 1893, 21 D.C. 499, 503.

Regardless of the principles involved in the foregoing discussion, there is, we think, another and insurmountable obstacle to the application of the local limitation to an action arising under the law of another jurisdiction. Our wrongful death statute, and the limitations thereof are confined to deaths resulting from injuries suffered within the District of Columbia. Weaver v. Railroad, supra, 21 D.C. at page 506. See also Keep v. National Tube Co., C.C. N.J. 1907, 154 F. 121; Calvin v. West Coast Power Co., D.C.Or. 1942, 44 F.Supp. 783, 789; Christilly v. Warner, 1913, 87 Conn. 461, 88 A. 711, 51 L.R.A.,N.S., 415; Lang v. J. C. Nichols Inv. Co., 1933, 227 Mo. App. 1123, 59 S.W.2d 63. The narrow scope of the law precludes its application in any part to a case where the fatal injuries occurred outside the District. As stated in the Keep case, supra [154 F. 126]: "* * * the courts of the forum will not be astute to find reasons for narrowing the rule of comity."

The judgment below is reversed and the cause is remanded for further proceedings.

Reversed.

Beale, Conflict of Laws § 605.1; Restatement, Conflict of Laws §§ 397, 603, 605; Tieffenbrun v. Flannery, 198 N. C. 397, 151 S.E. 857, 68 A.L.R. 210;

Maki v. George R. Cooke Co., 6 Cir., 124 F.2d 663, 146 A.L.R. 1356; 16 Am. Jur. 110, 111.