**HUTTO v. BENSON et al.**

No. 2010.

United States District Court,
E. D. Tennessee, N. D.

Feb. 3, 1953.

———◆———

Peery, Kouri & Wilson, Wichita Falls, Tex., Joe Van Derveer, Chattanooga, Tenn., Kramer, McNabb & Greenwood, Knoxville, Tenn., for plaintiff.

H. H. McCampbell, Jr., Knoxville, Tenn., for defendants.

ROBERT L. TAYLOR, District Judge.

Plaintiff, a painter, sustained injury by a fall from a scaffold. The accident occurred in Texas where plaintiff, proceeding under the workmen's compensation law of that State, received compensation benefits by way of a compromise settlement approved by the Texas compensation board. He thereafter brought this action at law in Tennessee to recover damages from defendants as the third parties who allegedly caused his injuries by their sale of defective equipment. Newark Insurance Company, the employer's insurance carrier, has filed a motion for leave to intervene, claiming subrogation to the extent of the benefits awarded to the plaintiff. The plaintiff has also filed a motion for leave to amend the complaint, by which amendment he would make it appear that his present action is based upon a statutory right. A third motion is that of defendants to dismiss the action as barred by the Tennessee one-year statute of limitations, as provided in Code sec. 8595.

As it originally stood, the complaint in terms stated a common law cause of action in tort, without any effort to assert a statutory right. The motion to dismiss followed the filing of this complaint. It is advisable to examine the status of the case at the time the motion was filed, for in the opinion of the court that status would not have been any different if the proposed amendment had been a part of the complaint as originally filed.

The accident occurred August 13, 1951. Summons in the present action was served on defendants August 20, 1952. The complaint was filed September 6, 1952. Both the complaint and the summons bear effective dates subsequent to expiration of the Tennessee one-year period of limitations. For a common law action for personal injury the Texas period of limitation is two years. The question is whether the Texas two-year period or the Tennessee one-year period is applicable. If the Texas law controls, commencement of the action was timely; otherwise, it is barred.

Following are pertinent sections from the Restatement, Conflict of Laws:

"Sec. 378. The law of the place of wrong determines whether a person has sustained a legal injury."

"Sec. 585. All matters of procedure are governed by the law of the forum."

"Sec. 603. If action is barred by the statute of limitations of the forum, no action can be maintained though action is not barred in the state where the cause of action arose."

The illustration given under sec. 603 is as follows:

"A is unlawfully beaten by B in state X. By the statute of limitations of X, an action for battery is barred after the expiration of two years. By the statute of limitations of Y, an action for battery is barred after the expiration of one year. An action cannot be maintained in Y if suit is brought after the expiration of one year from the time B became suable in Y."

██ In a diversity of citizenship case, such as this, a Federal Court will apply the law of conflicts of the state in which the Federal Court sits. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481. Tennessee follows the rules stated in secs. 585 and 603 of the Restatement, above quoted. McKissick v. McKissick, 25 Tenn. 75; Lally v. Holland, 31 Tenn. 396; King v. Doolittle, 38 Tenn. 77; Estes v. Kyle, 19 Tenn. 34; Fitzsimmons v. Johnson, 90 Tenn. 416, 17 S.W. 100; Barbour v. Erwin, 82 Tenn. 716; Ridge v. Cowley, 74 Tenn. 166. The Court of Appeals for the 6th Circuit has applied the law as above stated in cases brought in the Federal courts. Wil-

son v. Massengill, 6 Cir., 124 F.2d 666; Maki v. George R. Cooke Co., 6 Cir., 124 F. 2d 663, 146 A.L.R. 1352. See also Goodwin v. Townsend, 3 Cir., 197 F.2d 970.

■ As an action at common law, under the Restatement rules and the decisions above cited, the action as originally commenced is barred. As heretofore indicated, the amendment to the complaint, if allowed would not save the action.

■ The rules of the Restatement, quoted above, do not apply where the right sought to be asserted in the forum state is derived from a statute which provides its own period of limitation. Wilson v. Massengill, 6 Cir., 124 F.2d 666. In such case the right created by statute and the period of its preservation comprise a unitary right in law, and the rule applicable is that set out in sec. 378 of the Restatement, namely, "The law of the place of wrong determines whether a person has sustained a legal injury." If the cause of action is one unknown to the common law, the statute which fixes the period of its preservation is as much a part of the right as the cause of action itself, both being creatures of statute and bound together by the statute of their creation. The result is that the lex loci, and not the lex fori, controls. Wilson v. Massengill, supra. However, the limitation rule as to an action to assert a statutory right does not apply to the instant case for the reason, as will hereinafter be seen, that the cause of action asserted here is one at common law.

Where an employee is injured by a third party under circumstances which would give the injured party a common law action for damages, and the employer and employee operate under the workmen's compensation statute, the compensation statute of Texas accords the injured employee an option. He may proceed at common law against the third party to recover damages for his injury, or he may sue for benefits under the compensation law. But he may not pursue both remedies concurrently. Nor may he recover from the third party his entire damages, unless he elects to proceed against the third party only. Where an employee first proceeds under the compensation law and thereunder recovers benefits, his recovery against the third party is limited to damages in excess of the compensation benefit.

■■ Attention of the court in relation to the Texas compensation law has been called to Texas decisions which hold that the general statute of limitation in Texas does not run against the employee while his compensation suit is pending. Fidelity Union Casualty Co. v. Texas Power & Light Co., Tex.Civ.App., 35 S.W.2d 782; Webster v. Isbell, Tex.Civ.App., 71 S.W.2d 342. If any Texas statute of limitations were applicable in the present action it would be the general two-year statute, for the compensation statute itself provides no period of limitation. The Texas compensation law does provide, however, that upon termination of the compensation suit, the obligor for payment of compensation benefits is subrogated to the rights of the employee against the third party to the extent of the compensation payment or award. It is further indicated by citation of Texas court decisions that the cause of action of such obligor is not independent and severable from that of the employee, but that the third party may be subjected to only the one action for damages. Hartford Accident & Indemnity Co. v. Weeks Drug Store, Tex. Civ.App., 161 S.W.2d 153.

■ Analysis of the Texas statute discloses that it creates a cause of action for compensation benefits. It does not create a common law cause of action against the third party. Its effect rather is to restrict as to amount and to postpone as to time the employee's common law action against the third party. Accordingly, amendment of the complaint in the manner heretofore indicated as sought by plaintiff would not change the action here from being an action at common law. The common law action here is one not created by, but one restricted and postponed by, statute. It is conceivable that under this construction an action in this state might be postponed so long that a plaintiff would be barred from bringing a common law action because of undue

prolongation of compensation proceedings in Texas, a result that does not affect the present case for the reason that plaintiff had more than eight months in which to commence the action here after conclusion of the compensation proceedings.

█ The result is that the plaintiff's suit is barred by the Tennessee one-year statute of limitations. Being barred, it is not one that admits of intervention. Wright v. The Praetorians, D.C., 63 F.Supp. 839; Coffman v. Southern Coal Co., Inc., D.C., 52 F. Supp. 351. The motion to amend the complaint should be denied because the proposed amendment would not affect the outcome. The motion to intervene should be denied for the reason above indicated. The motion to dismiss should be sustained for the reason that the action was not timely commenced.

Let an appropriate order be prepared.