**HUTTO v. BENSON et al.**

**NEWARK INS. CO.**

**v.**

**BENSON et al.**

**Nos. 11873, 11874.**

United States Court of Appeals Sixth Circuit.

April 30, 1954.

Jesse C. Parks, Jr., and Joe Van Derveer, Chattanooga, Tenn., for appellant A. F. Hutto.

Erma Greenwood, Knoxville, Tenn., R. R. Kramer, Knoxville, Tenn., on brief for appellant Newark Ins. Co.

H. H. McCampbell, Jr., Knoxville, Tenn., for appellees.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

These two appeals, one instituted by the appellant Hutto, hereinafter called

Hutto, in a personal injury action, and the other by the appellant Newark Insurance Company, hereinafter called Newark, insurer under the Workmen's Compensation Act of Texas, Vernon's Ann.Civ.St. art. 8306 et seq., involve the same transactions and were consolidated for argument and decision. Each attacks a judgment of the District Court which dismissed an action against a third party resident in the State of Tennessee upon the ground that the Tennessee statute of limitations had run. This statute provides a limitation of one year for personal injury cases, Code, § 8595, while the Texas period of limitation in such cases is two years, Vernon's Ann.Civ.St. art. 5526.

On August 20, 1952, Hutto filed a complaint against the appellees, residents of the State of Tennessee, in the District Court for the Eastern District of Tennessee. Hutto alleged that he was a painter by trade and that on or about the 13th day of August, 1951, while he was engaged in the performance of his duties in Wichita Falls, Wichita County, Texas, a scaffold made or manufactured by the appellees and then being used by Hutto, gave way by reason of negligent or defective construction, causing Hutto to fall and suffer serious injuries. Later Hutto prayed for leave to amend his complaint by adding two new paragraphs which read as follows:

"That his injuries arose 'out of' and 'in the course of' his employment and by reason thereof he filed a claim with the Industrial Accident Board of the State of Texas for those benefits provided by the Workmen's Compensation Act of that State on September 13, 1951, his employer, the C. H. A. Paint Company, and their workmen's compensation insurance carrier, the Newark Insurance Company, being duly notified. The Industrial Accident Board of the State of Texas, duly charged with the administration of the Workmen's Compensation Act of that State, determined that he was entitled to compensation, and accordingly made an award in an amount unsatisfactory to him. That thereafter he appealed the decision of the Industrial Accident Board to the U. S. District Court for the Northern District of Texas, Wichita Falls Division, and while his suit was pending therein entered into a compromise agreement under the terms of which the Newark Insurance Company, as the Workmen's Compensation insurance carrier for his employer, paid to him the sum of Forty-five Hundred ($4,500.00) Dollars in addition to the sum of One Hundred Seventy-five ($175.00) Dollars which the Newark Insurance Company had theretofore paid him and in addition to medical expenses to that date incurred by him in the amount of Four Hundred Four ($404.64) and 64/100 Dollars. That on the 29th day of November, 1951, the Industrial Accident Board of the State of Texas entered an order approving the compromise settlement made by the parties.

"That under the provisions of the Workmen's Compensation Act of the State of Texas, the injured employee, having collected from his employer or its insurer those benefits provided by the Workmen's Compensation Act of the State of Texas, may then proceed at law against a negligent third party, or that party responsible for his injuries, and recover damages therefor. That the amount received by him under the provisions of the Workmen's Compensation Act of the State of Texas are hideously inadequate in view of the seriousness of his injuries and he therefore now brings this action."

Appellant Newark filed a motion to intervene as plaintiff and tendered a complaint which, in addition to the facts set forth in Hutto's complaint, reads as follows:

"6. That on or about September 13, 1951, the original plaintiff herein, A. F. Hutto, duly filed his claim for compensation for injury with the Industrial Accident Board of Texas

under the style and number of A. F. Hutto v. C. H. A. Painting Company, No. K-45259.

"7. That on or about November 23, 1951, and during the pendency of said claim before the Industrial Accident Board of Texas the parties entered into a compromise settlement agreement of said claim under the terms of which the Newark Insurance Company as Workmen's Compensation insurance carrier for C. H. A. Painting Company was to pay to said A. F. Hutto the sum of Four Thousand Five Hundred ($4,-500.00) Dollars in addition to the sum of One Hundred Seventy-five ($175.00) Dollars which the said Newark Insurance Company had theretofore paid to the said A. F. Hutto, and in addition to medical expenses in the amount of Four Hundred Four and 65/100 ($404.65) Dollars incurred by or for the said A. F. Hutto as the result of the accidental injuries aforesaid. That on the 29th day of November, 1951, the Industrial Accident Board of Texas entered an order approving the compromise settlement agreement made by the parties.

"8. That pursuant to said order this intervenor, Newark Insurance Company, on or about December 1, 1951, paid to the said A. F. Hutto the additional sum of Four Thousand Five Hundred ($4,500.00) Dollars, making in all the sum of Five Thousand Seventy-nine and 65/100 ($5,079.65) Dollars paid by this intervenor as compensation benefits and medical services to the said A. F. Hutto as a result of the accidental injuries received by the said Hutto at the time and place aforesaid.

"9. That under the provisions of the Workmen's Compensation Act of Texas the employee, having collected benefits from his employer or its insurer under the provisions of the Workmen's Compensation Act of Texas, may then proceed at law against a negligent third person to recover damages for the injuries sustained by him. However, under the provisions of the Workmen's Compensation Act of Texas in those instances in which the employee prosecutes an action against a negligent third person after having received compensation benefits from his employer or its insurer, such employee may not recover from such negligent third party the sums paid by the insurer or employer. However, an insurer which has paid compensation benefits to an injured employee is subrogated to the rights of such injured employee against a negligent third party to the extent of payments made, expenses incurred, etc., and may itself maintain an action against such negligent third party, or may intervene as a party plaintiff in such an action brought by the injured employee and may itself recover from the negligent third party such sums paid by it to the employee together with the reasonable costs of such liability as determined by the court trying the case."

Newark demanded judgment for the sum of $5,079.65 with interest, together with the reasonable cost of enforcing the liability and the costs of the action. The District Court considered that the action was barred by the statute of limitations of Tennessee and therefore refused to permit Hutto's amended complaint and Newark's intervening complaint to be filed. D.C., 110 F.Supp. 355.

Appellant contends that this holding runs counter to the decisions of this court in Wilson v. Massengill, 6 Cir., 124 F.2d 666, and Maki v. George R. Cooke Co., 6 Cir., 124 F.2d 663, 146 A.L.R. 1352. In these cases our court applied the doctrine that, where by statute a state creates a cause of action for wrongful death and prescribes in the same statute a limitation period for such action, such limitation will be applied in the forum of a sister state, although the period of limitation for a like action in the latter state is shorter. See also Theroux v. Northern Pacific R. Co., 8 Cir., 64 F. 84; Lewis v. Reconstruction Finance Cor-

poration, 85 U.S.App.D.C. 339, 177 F.2d 654.

This contention cannot be sustained, for the premise upon which the cited cases were based is absent here. No limitation period is prescribed in the Workmen's Compensation Act of Texas. The applicable provision is part of the general Texas statute of limitations. Moreover, the Supreme Court of the United States in the case of Wells v. Simonds Abrasive Co., 345 U.S. 514, 73 S. Ct. 856, 97 L.Ed. 1211, has recently cast doubt upon the doctrine of Wilson v. Massengill, supra. In that case the alleged wrongful death occurred in Alabama and the action was instituted in Pennsylvania. The statute creating the cause of action for wrongful death in Alabama prescribed a limitation of two years, while the period set in the Pennsylvania general statute of limitations provided one year. Although the Alabama statute construed embodied a limitation provision, the Pennsylvania District Court, 102 F.Supp. 519, and the Court of Appeals, 3 Cir., 195 F.2d 814 applied the one-year limitation and the Supreme Court of the United States affirmed the judgment, holding that it did not violate the Full Faith and Credit Clause of the Constitution.

■ However, on another point the majority of the court thinks appellant's contentions are more tenable. The precise provision of the Workmen's Compensation Act of Texas compelled Hutto first to apply for compensation to the Industrial Accident Board of Texas before bringing action against the third party alleged tort-feasor. Under this statute as construed by the Texas courts the right of the employee to sue the third party does not accrue until the insurer under the Workmen's Compensation Act has assumed liability for compensation or has paid such compensation. Buss v. Robison, Tex.Civ.App., 255 S.W.2d 339. A compromise settlement between the parties herein was finally approved by the Industrial Accident Board of Texas on November 29, 1951. Hutto could not maintain the instant case until November 29, 1951, without being penalized by losing his action for workmen's compensation. The Tennessee statute of limitations, Section 8595, Code of Tennessee, provides that actions "for injuries to the person" must be brought "within one year after cause of action accrued." If Hutto's action against the third party did not accrue until November 29, 1951, the complaint filed in Tennessee August 20, 1952, was timely brought. In Tennessee the statute of limitations runs only after the accrual of a complete right of action. Reynolds Tobacco Co. v. Carson, 187 Tenn. 157, 213 S.W.2d 45. The complete right of action here would certainly comprehend the right to sue the third party tort-feasor. The controlling question, therefore, is when the action against the appellees accrued.

The District Court relied upon the Restatement of Law, Conflict of Laws, Sections 585 and 603, which provide that all matters of procedure are governed by the law of the forum, and that if action is barred by the statute of limitations of the forum no action can be maintained, though action is not barred in the state where the cause of action arose. But the Tennessee statute comes into force when the action accrues and the question when the action accrues is settled by the Texas decisions.

We think the Texas legislature by its treatment of the action against the third party tort-feasor qualifying and abridging the common-law right of action incorporated it into and made it a part of the local law. In recognition of the fact that Hutto is drastically penalized for bringing his third party action before pursuing his workmen's compensation claim, the Texas courts hold that the right to sue the third party tort-feasor accrues after settlement of the workmen's compensation claim. Thus Fidelity Union Casualty Co. v. Texas Power & Light Co., Tex.Civ.App., 35 S.W.2d 782, 784, held that no cause of action accrued on the respective claims (of the insurer and the injured employee) "until the final judgment of this court, when the facts necessary to give the casualty company and Riley [the injured plaintiff]

an enforceable right, was given the judicial determination contemplated by said statute." While Webster v. Isbell, 71 S. W.2d 342, held that the running of the statute of limitations was suspended in a workmen's compensation case until the Industrial Accident Board finally acted upon and approved the claim, the holding in the controlling cases is that the action does not accrue until compensation is either paid or assumed by the insurance company. This was the rule laid down in Buss v. Robison, supra, decided in 1952. In that case the court cited the Texas authorities, pointed out that some of them had been unconditionally approved by the Supreme Court of Texas, and specifically held that the claim of the wife of the decedent employee suing individually and as next friend of her minor children, and for the use and benefit of the insurance company, and of the father and mother of the decedent employee, did not accrue until the insurance company assumed liability.

In view of the Texas decisions we think no question of conflict exists between the Tennessee statute and the Texas statute.

■ Since the action did not accrue until after the settlement of the compensation claim it is timely brought, whether the one-year statute of Tennessee or the two-year statute of Texas is applied.

The conclusion of the majority of the court that the action was timely brought requires that the District Court's denial of the motions to amend and to intervene be reversed.

The judgment is reversed and the case is remanded to the District Court for proceedings in accordance with this opinion.

SIMONS, Chief Judge (dissenting).

Basically, the question here presented is the Conflict of Law Rule of the State of Tennessee. That state in Section 8595 of its Code provides that actions for injuries to the person must be brought within one year after the cause of action accrued and under Tennessee law an action accrues when injury is suffered. Texas has a general two-year statute of limitations but, by a provision in its Workmen's Compensation Act, a plaintiff seeking recovery against a third party tort-feasor must first resort to his remedy under that act and may not sue the third party until such proceedings are concluded and compensation paid or assumed. The Texas Court of Civil Appeals in Buss v. Robison, 255 S.W.2d 339, held that a claim for damages does not accrue until this condition has been satisfied. The cases on which it relies refer to the provision as a suspension of the statute of limitations.

The question whether in diversity cases the federal courts must follow conflict of law rules prevailing in the states in which they sit, which was left open in Ruhlin v. New York Life Insurance Company, 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290, was finally answered in Klaxon Company v. Stentor Company, 313 U.S. 487, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477, where it was held that the prohibition declared in Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, against independent determination by the federal court extends to the field of conflict of law. The court said: "The conflict of laws rules to be applied by the federal court in Delaware must conform to those prevailing in Delaware's state courts. Otherwise, the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side. See Erie R. R. Co. v. Tompkins, supra, 304 U.S. at [pages] 74–77, 58 S.Ct. [817] at 820–822. Any other ruling would do violence to the principle of uniformity within a state, upon which the Tompkins decision is based. Whatever lack of uniformity this may produce between federal courts in different states is attributable to our federal system, which leaves to a state, within the limits permitted by the Constitution, the right to pursue local policies diverging from those of its neighbors. It is not for the federal courts to thwart such local policies * * *." In Wells v. Simonds Abrasive Company, 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211, the question was by grant of certiorari limited to whether the Pennsylvania

Conflicts Rule violated the Full Faith and Credit Clause of the Federal Constitution and it was said that the states are free to adopt such rules of conflict of laws as they choose and that applying the statute of limitations of the forum to a foreign substantive right did not deny full faith and credit.

My view is that while Texas may deny access to its courts to those who failed to comply with the condition of its Workmen's Compensation Act, it has no power to suspend or toll the Tennessee statute of limitations. Doncher v. Marlin Firearms Company, 198 F.2d 821 (2 Cir.), Cauley v. S. E. Massengill Company, D.C. Tenn., 35 F.Supp. 371, 373. In the latter case, it was said: "Statutes of limitations being designed according to the sound policy of each state for itself to put at rest litigation after the lapse of certain varying periods of time cannot be extended by the legislatures of foreign states, * * *." Our decisions in Wilson v. Massengill, supra, and Maki v. Cooke, supra, referred to in the majority opinion, reached a different result but, as that opinion demonstrates, they are no longer sound authority in the light of the Wells case, supra.

I think the judgment of the District Court should be affirmed.