Trust Company of Chicago, Administrator of Estate of Goodman Aranoff, Deceased, Appellant, v. Lewis Auto Sales, Inc. and Oscar Ozeran, Appellees.

Gen. No. 40,971.

O'CONNOR, J., dissenting.

Opinion filed June 24, 1940.

PHILIP ROSENTHAL, of Chicago, for appellant; PHILIP ROSENTHAL and STUART B. KROHN, of Chicago, of counsel.

LORD, BISSELL & KADYK and EDWIN A. HALLIGAN, all of Chicago, for appellee Lewis Auto Sales, Inc.; DONALD B. HATMAKER, of Chicago, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit against Lewis Auto Sales, Inc., and Oscar Ozeran to recover damages for the wrongful

death of Goodman Aranoff, who was struck by an automobile driven by Ozeran; on plaintiff's motion the suit was dismissed as to Ozeran. At the conclusion of plaintiff's case the trial court instructed the jury to find the defendant Lewis Auto Sales, Inc., not guilty and judgment was entered in its favor, from which plaintiff appeals.

Plaintiff correctly says that when such a motion is made the only question the court has to determine is whether there is any evidence in the record which, if true, fairly tends to prove the allegations of the complaint. *McFarlane v. Chicago City Ry. Co.*, 288 Ill. 476.

July 26, 1937, Ozeran purchased a secondhand Ford automobile from the Lewis Auto Sales Company, a dealer in used automobiles; Ozeran says he only drove this car once and that was the day of the accident, August 15, 1937; the car was driven most of the time by Mack Glickman, Ozeran's friend.

Glickman testified that in applying the brakes the car swerved about a foot and a half—the brakes were not "equalized." Glickman took it to be tested but it failed to pass the safety test and the car was taken back to defendant's place of business, which attempted to repair it, working on it about an hour; Glickman again took the car to the safety lane for a second test but was not given a sticker indicating that the car was in good condition; he again took the car back to defendant to have the brakes repaired and again because of motor trouble or a leak in the radiator; the last time it was brought back to defendant was about two weeks before the accident.

Ozeran testified that the car was sent back to defendant four times but "there wasn't any change for the better in the brakes"; that on the afternoon of August 15, 1937, he was driving alone going north on Independence boulevard in Chicago, to Lexington street, where he applied his brakes, reduced his speed and made a wide turn east into Lexington street; that there was a

Good Humor (ice cream) cart parked in the middle of Lexington street and, "knowing that with my brakes the way they were, I couldn't stop in time . . . to avoid hitting the Good Humor" cart, struck it on the right side, overturning it; that "I lost control of my car and the car shot over the curb" and struck Aranoff, who was sitting with others on the ledge of a basement window of a building located on the south side of Lexington street.

Plaintiff's complaint alleges that this action of the automobile was caused by the failure of defendant to equip it with good and sufficient brakes, and to repair them after receiving notice that they were defective.

The evidence shows that the automobile was sold to Ozeran under a conditional sales contract wherein, among other things, it was provided that the title to the car should remain in the seller until all purchase instalments had been paid. Plaintiff argues that defendant owned the car at the time of the accident and that it was negligent in permitting Ozeran to operate it on a public highway knowing the brakes were defective. To this defendant replies that the complaint does not allege it owned the automobile involved in the accident, but in any event the Uniform Act Regulating Traffic On Highways provides that ". . . in the event a vehicle is the subject of an agreement for the conditional sale . . . with an immediate right of possession vested in the conditional vendee . . . , then such conditional vendee . . . shall be deemed the owner for the purpose of this Act." (Ill. Rev. Stat. 1939, ch. 95½, par. 106, subpar. (d) [Jones Ill. Stats. Ann. 85.138].)

It has been held that the vendor under a conditional sales contract retains the title solely for the purpose of security. The other attributes of ownership, such as possession, use, control or right thereto under such a contract belong to the purchasing vendee. *Coombes v. Letcher,* 104 Mont. 371; *Bergstresser v. Van Hoy,* 142 Kan. 88; *Hansen v. Kuhn,* 226 Iowa 794, 285 N. W. 249.

The complaint alleges that Lewis Auto Sales Company was engaged in the business of buying and selling used automobiles and it was its duty to equip them so that they could be kept under control and not become dangerous and a menace to the general public. The complaint alleges a failure of defendant in this respect.

Is a dealer under such circumstances liable to the general public for accidents caused by such negligence? Plaintiff cites in support, *Richardson v. Moore*, 254 Ill. App. 511. This case is not in point as the suit was brought by a guest against the owners of a car in which she was riding. The decision in *Flies v. Fox Bros. Buick Co.*, 196 Wis. 196, seems to support the position of plaintiff in holding that an automobile dealer is liable to the general public. The opinion indicates that Johnson, the driver of the car, relied on the representations of the vendor that the brakes were adequate whereas here the contrary was the case. In the instant case there is no claim that defendant misrepresented the condition of the brakes. On the contrary the evidence shows that both the driver and defendant, which was attempting to repair them, knew that the brakes were defective. Cases where the injured plaintiff was the purchaser of a defective automobile are not in point. (*Rotche v. Buick Motor Co.*, 267 Ill. App. 68, 358 Ill. 507; *MacPherson v. Buick Motor Co.*, 217 N.Y. 382.)

As opposed to plaintiff's claim is *Shepard v. Kensington Steel Co.*, 262 Ill. App. 117. There the plaintiff, a pedestrian, brought suit to recover damages sustained by reason of the alleged negligence of the vendor, the Ford Motor Company. The opinion assumes that the vendor would have been liable to the purchaser while driving the car because of its defective condition. The opinion discusses a number of decided cases and concludes that there was no contractual relation between the dealer who sold the truck and plaintiff, and to the argument that when the dealer permitted the truck to go out upon a public street it permitted the use of an

agency which was dangerous to any person upon the street passing along where the truck was going, the opinion says: "Morally this might be true, and there would appear to be an obligation on the part of the vendor of a machine, under such circumstances to the public at large. We are unable to see, however, any legal obligation existing on the part of the vendor, the defendant here, toward the plaintiff. If the law should recognize such an obligation as a legal obligation, the vendor of an automobile would be bound not only to the purchaser and those who used the machine, but to the entire public and would open the door of litigation to such an extent that it might never again be closed. Its results would be far-reaching and in most instances remote." The opinion noted that the rule of liability has been extended to include "not only the vendee, but those who might be using the instrumentality itself by or with the permission or consent of the vendee, and only in those cases where it is evident that the instrumentality was intended for the use of and by others, and so used." The court reversed the judgment for plaintiff with a finding of fact that there was no legal obligation on the part of defendant to plaintiff growing out of any contractual or other relationship.

The facts in *Bergstresser v. Van Hoy*, 142 Kan. 88, are much like those in the case at bar. There the defendants sold a secondhand automobile which had defective brakes; the purchaser drove it and struck and injured plaintiff, a pedestrian. The court held that when the dealer informed the buyer of the defective condition of the automobile it had discharged its duty and was relieved of liability to persons who may be injured through the operation of the automobile by the buyer. In *Mosby v. Kimball*, 345 Ill. 420, it was said that an automobile is not so dangerous an agency as to make the owner liable for injuries caused by it to travelers on the highway. In *Foster v. Ford Motor Co.*, 139 Wash. 341, the court said: "That the manufacturer,

who puts out an article with notice to the purchaser of its limitations, restrictions, or defects, is not liable to third persons injured thereby is so thoroughly established as to be undisputed.'' In the Restatement of the Law on Torts, § 388, it is said to be the secondhand dealer's duty to inform the buyer of the defective condition of the automobile. In the instant case the testimony on behalf of plaintiff shows beyond doubt that Ozeran, the vendee, knew of the defective condition of the brakes.

Other points are made which we do not deem necessary to discuss. We are of the opinion the trial court correctly ruled upon defendant's motion for a directed verdict, and the judgment is affirmed.

*Judgment affirmed.*

O'CONNOR, P. J., dissents.

MATCHETT, J., concurs.