**ANDERSON v. LINTON.**

No. 9851.

United States Court of Appeals.
Seventh Circuit.

Nov. 14, 1949.

Rehearing Denied Dec. 30, 1949.

---

Marion J. Hannigan, Chicago, Ill., Julius S. Neale, Chicago, Ill., for appellant.

Arnold Alexander, Chicago, Ill., Samuel Schmetterer, Chicago, Ill., Irving Goodman, Chicago, Ill., for appellees.

Before DUFFY, FINNEGAN, and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiff, as administratrix of the estate of her late husband, Donald Anderson, brings this action for damages resulting from his alleged wrongful death. Plaintiff also claims damages for her personal injuries. Defendant Harrison Sheet Steel Company answered the original complaint, denying negligence, and further alleging that the Illinois Trailer Convoy, Inc., which had been employed to deliver the trailer involved in the collision, was negligent in numerous respects. Thereafter plaintiff filed an amended complaint with leave for defendants to answer same within 30 days from September 7, 1948.

On September 23, 1948, defendant Harrison Sheet Steel Company filed a motion to strike the amended complaint and to dismiss the suit on the grounds that the amended complaint did not state any cause of action, either at common law or under any statute, and that the plaintiff had not stated any duty that was owed to the plaintiff by Harrison Sheet Steel Company.

The other defendants were granted an extension of time in which to answer, but before filing an answer, and on December 17, 1948, the individual defendants who were doing business as Travelite Trailer Company, and the corporate defendant, Overland Coach Company, Inc., filed a motion to strike the amended complaint and to dismiss the suit on the grounds the amended complaint (1) failed to show any legal duty by said defendants to the plaintiff, (2) failed to allege any statutory or common law right of action by the plaintiff, and (3) failed to allege the driver of the vehicle striking plaintiff's automobile was an agent or servant of said defendants. On January 7, 1949, the court entered an order granting said motions, striking the amended complaint, and dismissing the

cause. The record does not show which, if any, of the reasons assigned in the motions was the basis for the court's order.

The amended complaint herein, after alleging plaintiff's appointment as administratrix, diversity of citizenship, and jurisdictional amount, alleged that the individual defendants as co-partners doing business as Travelite Trailer Company and the Overland Coach Company, Inc., were manufacturers and assemblers of house trailers and coaches; that defendant Harrison Sheet Steel Company assembled, placed, attached and welded certain frames, hitches, and component parts upon the house trailers and coaches manufactured by the individual defendants and by Overland; that on September 29, 1946, a house trailer, manufactured and assembled by the defendants, was attached to a truck or tractor owned and operated by Illinois Trailer Convoy, Inc., for the purpose of delivering the trailer to Des Moines, Iowa; that on September 29, 1946, while the truck and trailer were on Highway 6 in Jasper County, Iowa, the frame, hitch and other component parts sheared off, causing the trailer to veer across the center of the highway. The complaint then alleges that at the time and place mentioned plaintiff was riding as a passenger in an automobile owned and driven by her husband, and that they were proceeding on Highway 6 in the opposite direction to that in which the tractor and trailer were proceeding; that when the trailer veered across the highway, it collided with the automobile in which plaintiff and her husband were riding; that plaintiff and her husband received serious personal injuries, and that as a result of his injuries, her husband died on September 30, 1946. Plaintiff alleges negligence in that defendants, during the manufacture and assembly of the house trailer, negligently, carelessly and unskillfully constructed, assembled, welded, and attached the frame, hitch, and parts to the house trailer, and that defendants knew, or by the exercise of reasonable care and caution should have known, that the frame, hitch, and other parts attached or welded to the house trailer were of inferior quality and grade, and that same contained numerous struc-

tural weaknesses, and that the defendants knew, or should have known that the frame, hitch, or other parts, did not contain the necessary tensile strength and were not fit for the purpose and object intended. The complaint then alleged that as a direct and proximate result of the negligence and unskillful conduct of defendants, the frame and hitch attached to the trailer sheared and broke off, and that as a direct and proximate result of said negligence plaintiff and her husband were injured. The amended complaint did not contain any allegation of negligence on the part of the driver of the tractor which was hauling the trailer.

We shall assume that the court granted defendants' motions to strike the amended complaint and to dismiss the cause on the theory that the complaint did not state a claim upon which relief could be granted. The defendants argued in the district court, as they have on appeal, that a manufacturer of automobiles or trailers cannot be held liable for negligent construction to those who are not directly or indirectly in privity of contract with him.

It must be conceded that both in England and in this country the rule early became established that a manufacturer or a supplier could not be held liable for negligence to a remote vendee or other person with whom he had no contractual relationship. This rule stemmed from the English case of Winterbottom v. Wright, 10 Mees. & W. 109, decided in 1842. The wide acceptance of this rule is remarkable in as much as it was based on dictum by Lord Abinger in a case which involved a contractor rather than a manufacturer, and the matter was before the court on a demurrer.

In the United States the rule of non-liability of manufacturers to persons not in privity with them was followed in numerous cases. The dictum in the Winterbottom case became firmly implanted in American textbooks as a common law rule of negligence. As one writer put it, "The rule became crystalized by repetition."

However, the requirements of justice in many cases caused the courts to note exceptions to the rule. One of the first of such cases was Thomas v. Winchester, 1852, 6 N.Y. 397, 57 Am.Dec. 455. This case gave rise to the "dangerous instrumentality" doctrine of exceptions, and soon poisons, drugs, explosives, inflammable oils, and other like substances, and food and beverages for human consumption, were widely recognized as being within the exceptions to the rule.

The path away from the narrow and unsound rule of the Winterbottom case, supra, was blazed by Judge Cardozo in MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696, Ann. Cas.1916C, 440, a case involving a manufacturer of an automobile who was held liable to a remote vendee for injury caused by failure to properly inspect a wheel, purchased from another, which had in it a hidden but discoverable defect which caused it to collapse.

As this nation progressed from the horse and buggy days to the era when automobiles, trailers and complicated household appliances became common place, courts felt impelled to constantly enlarge and extend the scope of the exceptions to the rule. Changing social and economic conditions demanded a reappraisal of the whole concept of what duty the manufacturer of a device or article, not inherently dangerous in itself but which might become dangerous when put to the use for which it was intended, owed to the ultimate user and to the public.

As examples of cases where the severity of the old rule was further whittled down and manufacturers were held liable to injured persons who were not the ultimate purchasers, see Olds Motor Works v. Shaffer, 145 Ky. 616, 140 S.W. 1047, 37 L.R.A., N.S., 560, Ann.Cas.1913B, 689, where the manufacturer was held liable to a plaintiff who was a passenger and a guest of an ultimate purchaser; General Motors Corp. v. Johnson, 4 Cir., 137 F.2d 320, where the plaintiffs were the employees of the owner of a truck who was an ultimate purchaser; Barrett Co. v. Bobal, 6 Cir., 74 F.2d 406, where the plaintiff's decedent was an employee of a county which rented and used defendant's tanks, one of which exploded due to a defective condition; and Lill v.

Murphy Door Bed Co., 290 Ill.App. 328, 8 N.E.2d 714, where the plaintiff was a tenant in a building wherein a defective in-a-door bed had been furnished in her apartment.

■ Defendants insist that we must apply the law of Illinois. They cite Shepard v. Kensington Steel Co., 262 Ill.App. 117; Trust Co. of Chicago, etc. v. Lewis Auto Sales, Inc., 306 Ill.App. 132, 28 N.E.2d 300; Alschuler, et al. v. Rockford Bolt and Steel Co., 318 Ill.App. 564, 48 N.E.2d 435, as establishing the Illinois rule. While the cases of Lill v. Murphy Door Bed Co., supra, and Kreger v. George W. Diener Mfg. Co., 1944, 321 Ill.App. 302, 53 N.E.2d 26, cast some doubt upon defendants' statement of what the Illinois rule is, we need not consider that question further as we are of the opinion that Iowa law is applicable and we must therefore seek to ascertain whether the courts of Iowa have passed on the question. If so, we must follow such declaration of the law.

■ True it is that the alleged negligent fabrication and construction of the trailer hitch described in the complaint occurred in Illinois and the case at bar was filed in that State, but the injuries to the plaintiff and her husband were sustained in Iowa. The locus delicti is the place where the accident occurred, and where the injuries were inflicted, as distinguished from the place of the incipient negligence, 25 C.J.S., Death, § 28, p. 1098; Hunter v. Derby Foods, Inc., 2 Cir., 110 F.2d 970, 133 A.L.R. 255.

No Iowa decisions have been·cited to us and we have been unable to find any case that passes directly on the question here for decision. The nearest case is Larrabee v. Des Moines Tent & Awning Co., et al., 189 Iowa 319, 178 N.W. 373, 374. There, Bittle, a photographer, rented from the defendant Tent and Awning Company certain "circus seats," which were erected by employees of said company. The photographer invited the plaintiff and others to arrange themselves on the seats in order to have a group photograph taken. The seats collapsed and plaintiff was injured. Plaintiff relied upon the doctrine of res ipsa loquitur, and offered no evidence except that the accident occurred and of the injury suffered by him. The trial court directed a verdict in favor of the defendant Tent and Awning Company and also defendant Bittle. The Iowa Supreme Court pointed out that the doctrine of res ipsa loquitur does not ordinarily apply unless it appears that all the instrumentalities which could likely have caused the accident were under the exclusive control and management of the defendant and that the accident was such as would not ordinarily occur if due care had been exercised in the control of such instrumentalities. As photographer Bittle had control of the situation at the time of the accident, the court held that the verdict was properly directed in favor of the defendant Tent and Awning Company, but held contrariwise as to defendant Bittle.

In its discussion of the case the Iowa Supreme Court did mention the old rule of non-liability of manufacturers where privity of contract does not exist, and also numerous exceptions to that rule, and the court further commented that if the plaintiff were seeking to bring himself within any of the exceptions to the rule he should have offered evidence to that effect. The court also said: " * * * If the thing sold or constructed be not imminently dangerous to human life, but may become such by reason of some concealed defect, then a liability may arise against such vendor or constructor if he knew of the defect and fraudulently concealed it. The liability in such case is predicated upon deceit. * * *"

■ It is thus apparent that in the Larrabee case, supra, the Iowa Supreme Court did not base its decision on the question now before us. That case was decided in 1920, which was before the general abandonment of the old rule of non-liability where neither direct nor indirect privity existed. It is barely possible that had the court passed upon the question now before us, it might have upheld the old rule, even though weighted down with many exceptions. However, as there are no controlling Iowa decisions on the precise question before us for decision, we feel

that we should not attribute to Iowa a doctrine that has been repudiated by most jurisdictions; we feel justified in concluding that the Supreme Court of Iowa would today adopt the modern rule, which is well expressed in Restatement of the Law of Torts, Sec. 395: "A manufacturer who fails to exercise reasonable care in the manufacture of a chattel which, unless carefully made, he should recognize as involving an unreasonable risk of causing substantial bodily harm to those who lawfully use it for a purpose for which it is manufactured and, to those whom the supplier should expect to be in the vicinity of its probable use, is subject to liability for bodily harm caused to them by its lawful use in a manner and for a purpose for which it is manufactured." See: General Motors Corp. v. Johnson, 4 Cir., 137 F.2d 320, where the court held that a motor truck manufacturer owes the public a duty irrespective of contract to use reasonable care in manufacture and to make reasonable inspection of construction.

The amended complaint is in some respects inartistically drawn. The duty owed by the defendants to plaintiff, and the foreseeability of damage to those in the vicinity of the probable use of the trailer are not clearly stated. However, the trailer was manufactured with the knowledge of the defendants that it would likely be used on the public highways. The purpose of the hitch was so that the trailer could be drawn from place to place. Therefore, liberally construing the amended complaint, we hold that it sufficiently alleges that the defendants failed to use reasonable care in the manufacture of the trailer hitch and component parts in the respects stated in the amended complaint, and that defendants should have recognized and anticipated that such manner and method of construction involved an unreasonable risk of causing substantial harm to those whom the defendants should expect to be in the vicinity of the probable use of said trailer. We hold further that, as against the motion to dismiss, where all the facts well pleaded are admitted, the allegations are sufficient to state a claim upon which relief can be granted.

In other words, we hold that the plaintiff has sufficiently charged negligence which the defendants should reasonably have foreseen would naturally and probably result in damaging persons, such as plaintiff and her late husband or others, who might be in the vicinity of the probable use of the trailer.

Defendants assert that Iowa lacks a statute authorizing an action for damages for wrongful death. In a very limited sense such statement is correct. Prior to the adoption of the present Code, a statute was in force which provided in express terms that when a wrongful act produced death the perpetrator was civilly liable for damages. Iowa Stats., Revision 1860, Sec. 4111; Code 1851, Sec. 2501. That provision was repealed when the succeeding Code was enacted, but Iowa courts have uniformly held that Secs. 2525–2527 of the Code, now numbered 611.20, 611.21 and 611.22, I.C.A., authorize the bringing of an action for wrongful death. Conners, Adm'r, v. Burlington, C. R. & N. Ry. Co., 71 Iowa 490, 32 N.W. 465, 468, 60 Am.Rep. 814; Major v. Burlington, C. R. & N. Ry. Co., 115 Iowa 309, 88 N.W. 815; Hough v. Illinois Cent. R. Co. et al., 169 Iowa 224, 149 N.W. 885, 888; Bixby v. City of Sioux City, 184 Iowa 89, 164 N.W. 641, 643.

Therefore plaintiff, as administratrix, has the right under Iowa law to bring a suit for the alleged wrongful death of her husband.

We next consider defendants' contention that the statute of limitations bars both plaintiff's action as administratrix and her individual action in her own behalf. Ordinarily the issue of limitations does not arise so early in the litigation. Rule 8(c), Federal Rules Civil Procedure, 28 U.S.C.A., provides that "in pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of limitations." The defense of limitations should, in the average case, be interposed by answer. Here only one answer has been filed, and that is not to the amended complaint. However, Rule 8(c) must be read bearing in mind Rule 9(f), which provides: "For the purpose of testing the

sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter." It is our view that the defense of limitations may be considered on a motion to dismiss when the legal effect of the bar appears clearly from the complaint. A. G. Reeves Steel Const. Co. v. Weiss, 6 Cir., 119 F.2d 472, 476; Barnhart, et al. v. Western Maryland Ry. Co., D.C., 41 F.Supp. 898; Berry v. Franklin Plate Glass Corp., D.C., 66 F.Supp. 863; Stanley v. Bird, D. C., 85 F.Supp. 358.

The amended complaint discloses that the collision between the Anderson automobile and the trailer occurred September 29, 1946, that Donald Anderson died September 30, 1946, and that this action by the plaintiff as administratrix, as well as in her own behalf, was commenced July 20, 1948, which was more than one year after the date when the injuries were suffered and the death of Donald Anderson occurred, but less than two years after said dates.

 An examination of the authorities shows that there is apparent confusion in the decisions as to whether, in a case of this kind, the statute of limitations of the lex loci or that of the lex fori should govern. However, cases holding that the statute of limitations of the State where the cause of action arose should be applied usually involve statutes creating the cause of action, such as for wrongful death, which statutes limit the time in which the statute-created right to sue may be exercised. Restatement, Conflict of Laws, Sec. 605. Thus, if the original statute for wrongful death still existed in Iowa, and that statute contained a two-year period of limitation, the action could be brought within that period in the State of Illinois. Coffman v. Wood, D.C.N.D. Ill., 5 F.Supp. 906. But the Iowa statutes interpreted as authorizing an action for wrongful death do not contain any such limitation of time. Therefore, if Iowa law were applicable, the general two-year provision, Sec. 614.1, Iowa Code, 1946, I.C.A., would govern, and it is settled Iowa law that this general statute of limitations

merely bars the remedy but does not extinguish the cause of action. Burns v. Burns, 233 Iowa 1092, 11 N.W.2d 461, 150 A.L.R. 306; Williams v. Burnside, 207 Iowa 239, 222 N.W. 413; Anderson v. Anderson, 234 Iowa, 277, 12 N.W.2d 571. Therefore, in the case at bar, where the Iowa statute of limitations merely bars the remedy, we must apply the law of the forum. 53 C.J.S., Limitations of Actions, § 27; Haefer v. Herndon, D.C., 22 F.Supp. 523; Riley v. Union Pacific Railroad Co., 7 Cir., 177 F.2d 673.

 Under Ch. 70, Secs. 1 and 2, Smith-Hurd Ill.Anno.Stats., which authorizes an action in Illinois for wrongful death, said action must be commenced within one year after the date of death. Meeting the limitation of the statute conferring the right to sue in Illinois courts is a condition of liability springing from the right itself, and a plaintiff must bring himself within the prescribed requirements. Bishop, Adm'r, v. Chicago Railways Co., 303 Ill. 273, 135 N.E. 439; Hartray, Adm'r, v. Chicago Railways Co., 290 Ill. 85, 124 N.E. 849; Schaffner, Administratrix v. B. and W. Auto Sales Co. et al., 321 Ill.App. 632, 53 N.E.2d 318.

It follows that as the cause of action herein by the plaintiff in her capacity as administratrix was not commenced within the one year period, it has been extinguished because it was asserted too late.

As plaintiff's cause of action for her own injuries was commenced within two years from the date she sustained her injuries, it is not barred by the applicable Illinois statute of limitations. Smith-Hurd Ill. Anno.Stats., Ch. 83, Sec. 15. In this particular case it would not make any difference whether the statute of limitations of Illinois or of Iowa were applicable, as in both States the period is two years. See: Sec. 614.1, Iowa Code, 1946, I.C.A.

That part of the order of the district court dismissing the plaintiff's cause of action as administratrix will be affirmed, and that part of the order dismissing plaintiff's cause of action for her personal injuries will be reversed and remanded for further proceedings. It is so ordered.