Erskine B. Carson, Appellant, v. Weston Hotel Corporation et al., Appellees.

Gen. No. 45,339.

Opinion filed March 7, 1951. Released for publication April 6, 1951.

CLARENCE M. DUNAGAN, of Chicago, for appellant.

CLARE J. MURPHY, of Chicago, for certain appellee; T. F. SULLIVAN, of Chicago, of counsel.

ANDREW D. COLLINS, of Chicago, for certain appellees.

SHERWIN & SHERWIN, of Chicago, for certain appellees; JULIUS L. SHERWIN and THEODORE R. SHERWIN, both of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a personal injury action to recover damages for injuries suffered when an elevator cable broke and the passenger elevator in which plaintiff, a resident of the hotel, was riding, fell. The third amended complaint named as defendant in Count I the Hotel Corporation on whose premises the accident occurred; in Count II, the Otis Elevator Company, manufacturer of the elevator; in Count III, the Wire Rope Corporation, manufacturer of the cable; in Count IV, Lubker, doing business as Elevator Signal and Service Company, who installed the cable; and in Count V, Marshall Field III, lessor of the premises. The Hotel Corporation and the lessor filed answers. On motions made by the other defendants, Counts II, III and IV were stricken and plaintiff's suit as to them was dismissed. Plaintiff has appealed from the judgment of dismissal.

The question is whether the trial court properly decided that plaintiff, in each of the three counts, did not state a cause of action against the respective defendants.

██ In Count II plaintiff alleges that the Otis Company installed the elevator. He does not allege negligence in the installation as a cause of the injury. He alleges negligence in a failure to inspect "certain portions" of the elevator, failure to see that the cable was operating properly on the "tubular device," rotation of which lifted the elevator, and failure to inspect and repair "dogs" on the side of the elevator which were used to prevent falling if the cable broke. He

does not allege a contract from which the alleged duty to inspect and repair arises. He has not made allegations from which we can infer a duty in law to inspect and repair. He alleges that the Otis Company was a common carrier because it installed the elevator for the transportation of passengers. This is not an allegation from which it can reasonably be inferred that Otis Company was a common carrier. We think that the court properly struck Count II.

In Count III plaintiff alleges that the Wire Rope Corporation knew the cable was to be used in hoisting the passenger elevator; that the sales contract called for "materials of the best quality" for that use; that Wire Rope therefore had a duty of highest care to test, construct, manufacture and maintain the cable; and that, furthermore, Wire Rope warranted the cable, expressly or impliedly or both, to be sufficiently strong to lift "upwards of twelve thousand pounds". He alleges that Wire Rope was negligent in failing to observe the care required of it in manufacturing the cable and that it breached its warranty.

 Wire Rope claims that plaintiff's case does not come within any exception to the "no privity" rule of liability and that under Illinois law plaintiff is precluded from recovery. It relies mainly upon *Alschuler v. Rockford Bolt & Steel Co.,* 318 Ill. App. 564. It contends that its position here is closely analogous to the defendant's position there because in both cases the defendants were the manufacturers of only a part of a completed instrumentality. The cable manufactured by Wire Rope was not a part of the elevator the way the hooks were part of the scaffold in the *Alschuler* case, nor the way the wheel was part of the automobile in *MacPherson v. Buick Motor Co.,* 217 N. Y. 382. We think it is a mistake to think of the cable aside from its use in operation. The passenger elevator in operation involved the co-operation of the cable and the car.

606

██ This conclusion disposes of additional contentions of Wire Rope that cases involving automobiles are not in point because automobiles are self-propelling; and that the cable, being inert, should be classified with objects like tables, chairs, pictures and mirrors.

The *Alschuler* case and *Trust Co. v. Lewis Auto Sales, Inc.*, 306 Ill. App. 132, were decided on the authority of *Shepard v. Kensington Steel Co.*, 262 Ill. App. 117. The *Lewis* and *Shepard* cases are also relied upon by Wire Rope. In the *Shepard* case the defendant steel company bought a truck from a Ford distributor and, while it was being driven by the steel company's employee, a wheel became detached and struck Shepard, a pedestrian. The majority opinion reversed a judgment against the Ford distributor. It said it was not prepared to go beyond the common-law rule as extended in *Johnson v. Cadillac Motor Car Co.*, 261 Fed. 878, and *Colbert v. Holland Furnace Co.*, 333 Ill. 78, where the extension covered not only the vendee but those using the instrumentality with the vendee's permission where the instrumentality was intended for use by others. In the *Lewis Auto Sales* case a judgment on a directed verdict for defendant was affirmed in favor of the Lewis Company. It sold a secondhand Ford with defective brakes which resulted in the driver losing control of the Ford which struck plaintiff's intestate who was sitting at a basement window. There the evidence was that the driver knew of the defective brakes. In the *Alschuler* case the defendant manufactured scaffold equipment for an inventor for sale to the general public. Defendant shipped the equipment, including certain defective hooks, to a retailer who sold it to plaintiff Alschuler. The plaintiff furnished a scaffold for a sub-contractor whose employee was injured. Alschuler sued in lieu of the employee who had been compensated under the Workmen's Compensation Act.

The suit was dismissed by the trial court and the Appellate Court affirmed. Defendant also relies on *Miller v. Davis & Averill,* 61 Atl. 2d (N. J.) 253. There judgment on a directed verdict for defendant was affirmed because the proof showed that, subsequent to the installation of a crane, the owner undertook inspection and there was no basis for concluding that the alleged negligence of the contractor caused the accident which occurred two years later.

██ Wire Rope contends also that a cable is not inherently dangerous and that this case is not within the "inherently dangerous" rule. There has been a gradual and liberal extension of the early common-law rule which confined liability to the parties in privity. In his Introduction To Legal Reasoning, Edward H. Levi shows how the "movement of legal concepts in case law" brought about the breakdown of the "inherently dangerous" rule which was a step away from the rigid "no privity" doctrine. In *MacPherson v. Buick Motor Co.,* 217 N. Y. 382 (1916), JUSTICE CARDOZA wrote the opinion committing the New York courts to the extension of liability beyond the immediate buyer though the instrument was not "inherently dangerous". After this decision the United States Circuit Court of Appeals, Second Circuit, reversed its position and followed the *MacPherson* case. *Johnson v. Cadillac Motor Co.,* 261 Fed. 878. Illinois has adopted this majority view. *Rotche v. Buick Motor Co.,* 358 Ill. 507; *Lill v. Murphy-Door Bed Co.,* 290 Ill. App. 328. In the *Lill* case this Court stated what it thought to be the rule in Illinois. That statement would cover plaintiff's allegations of negligence in the use of defective materials and failure to test the cable carefully before its use by others.

██ Wire Rope argues that the Hotel Corporation had an opportunity to inspect the cable. If relevant this would be a matter of defense. Whether there were

in fact warranties is a matter of defense. The same is true of the question whether it was a defect in the cable or a defect in installation which caused the breaking of the cable. As to the unlimited litigation consequences of a decision in this case for plaintiff, we refer to the late JUDGE HEBEL's comment in a dissent in *Shepard v. Kensington Steel Co.*, 262 Ill. App. 117. We think that Count III states a cause of action and the court committed error in striking this count.

In Count IV plaintiff alleges that Lubker undertook to replace the cable; that he performed the labor and supervised the work in the installation of the cable safety devices as well as the cable; that he had a duty of ordinary care in performing the work; that he was careless and installed the cable so that it "became kinked and twisted," causing the cable to break. Furthermore, it is alleged, Lubker negligently removed, in violation of his duty, certain safety devices required by city ordinance; and that as a result of Lubker's negligence the cable broke, the elevator fell and plaintiff was injured.

 We think that *Colbert v. Holland Furnace Co.*, 333 Ill. 78, disposes of Lubker's contentions. There the Holland Furnace Company manufactured and installed the furnace and floor grating. A latent defect in the grating was responsible for plaintiff's injury. The plaintiff there, as here, was not a privy to the installation contract. Defendant there relied on the general rule precluding liability to third parties for injuries caused by the defective installation work of independent contractors where the work had been completed, accepted and the contractor discharged. The Supreme Court affirmed the judgment for plaintiff under an exception to the general rule above referred to, that one who supplies a thing for such use by others that it is obvious that any defect will be likely to result in injury to those so using it is liable to any person

who, using it properly for the purpose for which it is supplied is injured by its defective condition. We believe that Count IV states a cause of action against Lubker and the court erred in striking the count.

For the reasons given the judgment in favor of the Otis Elevator Company is affirmed and the judgments in favor of Wire Rope Corporation and Lubker, d/b/a Elevator Signal and Service Company, are reversed and the cause as to them is remanded with directions to deny their motions to dismiss and to proceed in a manner not inconsistent with this opinion.

*Judgment affirmed as to Otis Elevator Co. and judgments as to Wire Rope Corp. and Lubker d/b/a Elevator Signal & Service Co. reversed and cause remanded with directions.*

Burke, P. J., and Lewe, J., concur.