O'NEAL et al. v. NATIONAL CYLINDER GAS CO. et al.

No. 50 C 244.

United States District Court
N. D. Illinois, E. D.
March 5, 1952.

722

James A. Dooley, Chicago, Ill., for plaintiff.

B. S. Quigley, William P. Nolan, and Hinshaw & Culbertson, all of Chicago, Ill., for defendant.

PERRY, District Judge.

On February 21, 1950, the plaintiffs filed a suit in the United States District Court, wherein they sought recovery for personal injuries and property damage and for wrongful death from Malton A. Teeter, Evelyn M. Teeter doing business as the Long Beach Welder's Supply, O. B. Bowers, K. R. Arnold and Don Bowers doing business as the Bowers Ambulance Service, National Cylinder Gas Company, National Cylinder Gas Company—Pacific Coast, Bastian-Blessing Co. and the Linde Air Products. The plaintiffs are residents of the State of California; they alleged that all defendants were nonresidents of California. Jurisdiction of the federal court was based upon diversity of citizenship. 28 U.S.C.A. § 1332.

This complaint, founded upon a theory of injury through negligence, alleged that on or about February 28, 1948, the plaintiffs purchased a Rego regulator "for the express and implied purpose of being used by said plaintiffs as a regulator for the controlling of the flow of oxygen gas" from Long Beach Welders Supply; that on or about the same day plaintiffs rented from Bowers Ambulance Service a certain portable oxygen metallic cylinder "for the express and implied purpose of being used by said plaintiffs with the Rego regulator and which said cylinder was supposed to contain oxygen gas under pressure;" that on and prior to February 28, 1948, the Linde Air Products Company was in the business of manufacturing, distributing, selling and supplying portable oxygen metallic cylinders to the Bowers Ambulance Service; that on and prior to February 28, 1948, the defendant National Cylinder Gas Company, National Cylinder Gas Company—Pacific Coast and the Bastian-Blessing Company were in the business of manufacturing, distributing, selling and offering for use to the public a certain oxygen gas pressure regulating device known as the Rego Low Pressure Regulator; that, on February 28, 1948, the plaintiffs and decedent W. L. Lowrance were traveling in an automobile at or near the City of Gila Bend, Arizona; that W. L. Lowrance was ill at the time and required medicinal oxygen which could be given to him at low pressure and there was carried in said automobile the aforementioned metallic cylinder; upon the first occasion of opening the valve of said cylinder for the purpose of admitting oxygen through the regulator, there was a violent fire and explosion which destroyed the automobile and caused severe injuries to the plaintiffs, and which caused the death of W. L. Lowrance on March 9, 1948 in the County of Maricopa and State of Arizona.

The defendants Bastian-Blessing filed a motion to quash the service of summons and to dismiss the complaint on the ground that the federal court lacked jurisdiction because the requisite diversity of citizenship did not exist. An affidavit, filed on behalf

of the defendant Bastian-Blessing Company, averred that the defendants Oscar B. Bowers, Donald Bowers, Malton A. Teeter, Evelyn Teeter, and Kenneth R. Arnold were residents of the city of Long Beach, California. Four days later, the plaintiffs moved to dismiss the complaint as to Malton A. Teeter and Evelyn Teeter doing business as Long Beach Welders Supply and as to O. B. Bowers, K. R. Arnold and Don Bowers doing business as the Bowers Ambulance Service.

On February 7, 1951, the District Court, pursuant to Rule 21 of the Federal Rules of Civil Procedure, 28 U.S.C.A., sustained the plaintiffs' motion to dismiss and overruled the defendant's motion to quash and to dismiss. This order was based upon the legal principle that the duties owed to a third party by a dealer are different from those owed by a manufacturer; and, consequently, the liabilities of the parties are not joint but several.

On February 15, 1951, the plaintiffs, pursuant to leave of court, filed an amended complaint, wherein they seek recovery only from the defendant corporations. In the amended complaint, the plaintiffs make the same allegations with the following exception. In the original complaint of February 21, 1950, Gillis O'Neal is named in the caption as plaintiff but he alleged no harm and prayed for no relief. In paragraph eleven of Count I of the amended complaint of February 15, 1951, he claims loss of consortium and prays for damages.

All defendants have filed motions to dismiss both counts of the amended complaint on the ground that the actions are barred by the statute of limitations.

In Arizona, a two year period of limitations is prescribed in actions for personal injuries. Arizona Code Annotated Sec. 29–202(1). The same period of limitations is prescribed in the State of Illinois. Illinois Revised Statutes, Ch. 83, Sec. 15.

The Arizona death statute does not include a period of limitations. Arizona Code Annotated, Sec. 31–101. Under Sec. 29–201(3), a one year period of limitations is provided for the bringing of an action "upon a liability created by statute, other than a penalty or forfeiture." Under Sec. 29–202(5), a two year period is provided for the bringing of an action for "Injuries done to the person of another where death ensued from such injuries, which action shall be considered as having accrued at the death of the party injured." In Illinois, the period of limitation for the bringing of an action for wrongful death is one year. Illinois Revised Statutes, Ch. 70, Sec. 2.

The basic contention of the defendant corporation rests upon the theory that, until March 24, 1950, when the plaintiffs moved to dismiss the individual defendants, residents of California, the requisite diversity of citizenship was not present in this action, and, consequently the District Court was without jurisdiction of any of the defendants. Therefore, the filing of this action on February 21, 1950, in the District Court, which was without jurisdiction, was not a commencement of a suit as would toll the running of the period of limitations. This court recognizes the order of dismissal, entered by the United States District Court on February 7, 1951, pursuant to Rule 21 of the Federal Rules of Civil Procedure; it has no intention of readjudicating the issues presented by those motions. At this state of the litigation, however, the defendants contend that the earliest date on which the jurisdiction of the federal court could attach as to the corporate defendants was March 24, 1950. In effect, they argue that the order of dismissal under Rule 21 of the individual California defendants had no retroactive effect upon the jurisdiction of the present corporate defendants. If this position is correct, all claims would be barred, regardless of which period of limitations would be applicable, since the attachment of federal jurisdiction on March 24, 1950, would not have occurred soon enough as to constitute a commencement of an action within two years of the dates of injury and of death, February 28, 1948, and March 9, 1948, respectively.

In the light of the decisions, the position of the defendants cannot be sustained. "The question always is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether to a decree authorized by the case presented,

they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights can be made, the jurisdiction of the court should be *retained* and the suit dismissed as to them." Horn v. Lockhart, 17 Wall. 570, 84 U.S. 570, 21 L.Ed. 657. The same principle is announced in Mason v. Dullagham, 7 Cir., 82 F. 689; Delaware, L. and W. R. Co. v. Frank, C.C., 110 F. 689; Interstate Refineries v. Barry, 8 Cir., 7 F.2d 548; Anglo-California National Bank of San Francisco v. Lazard, 9 Cir., 106 F.2d 693. Where, due to the joinder of proper, though not indispensable parties, the requisite diversity of citizenship as to give jurisdiction does not exist, the District Court may permit the dismissal of such parties and thereby establish jurisdiction with *retroactive* effect. Dollar S. S. Lines Inc., v. Merz, 9 Cir., 68 F.2d 594; Gate-way Inc., v. Hillgren, D.C., 82 F. Supp. 546; States v. John F. Daly, Inc., D. C., 96 F.Supp. 479.

■ In support of their position, the defendants advance the proposition that the jurisdiction of the United States District Court when it is founded upon the diversity of citizenship, is determined as of the time of commencement of the suit and it is not to be affected by a subsequent change of parties. They cite a number of cases including Stewart v. Dunham, 115 U.S. 61, 5 S.Ct. 1163, 29 L.Ed. 329, and Anderson v. Watts, 138 U.S. 694, 11 S.Ct. 449, 34 L.Ed. 1078. This proposition is correct insofar as it relates to the *indispensable* parties to a lawsuit. In the determination of jurisdiction of the federal District Court on the ground of diversity of citizenship, only indispensable parties are considered. Jones v. Box Elder County, 10 Cir., 52 F.2d 340, certiorari denied, 285 U.S. 555, 52 S.Ct. 456, 76 L.Ed. 944. A careful examination of the cited cases will disclose that this distinction is made therein. In the case before the bar, the liability of the individual California defendants as dealers was distinct from that of the defendant corporations as manufactures. The liabilities of the parties were not joint but several. The individual California defendants were not indispensable parties to the action against the defendant corporations as manufacturers.

■ Accordingly, this Court rules that it had jurisdiction of the defendant corporations on February 21, 1950, when the original action was filed, and that this constituted a commencement of a suit as would toll the running of the period of limitations.

1. Count I of the amended complaint embodies the claims of Gladys O'Neal, Ronald L. O'Neal and Clint L. Lowrance for personal injuries. The period of limitations on actions for injuries to the person, both in Arizona and Illinois, is two years. The alleged injuries were sustained on February 28, 1948, and this action was brought on February 21, 1950, within the two year period. Therefore, the claims of Gladys O'Neal, Ronald L. O'Neal and Clint L. Lowrance are not barred by the statute of limitations.

■ In paragraph eleven of Count I of the amended complaint, Gillis L. O'Neal sets out a claim for loss of consortium. It will be recalled that his name appeared in the caption of the original complaint but he did not claim any harm and pray for any relief. He was in no position to prosecute the lawsuit, and therefore did not become a party, until February 15, 1951, when the amended complaint was filed. This was almost three years after his cause of action arose. Therefore, the claim of Gillis O'- Neal, for loss of consortium is barred by the statute of limitations.

2. Count II of the original complaint and of the amended complaint sets out the claim of Gladys O'Neal, Administrator, for the wrongful death of W. L. Lowrance, who died in Arizona on March 9, 1948. The action is brought under the Arizona wrongful death statute. Arizona Code Annotated, Sec. 31–101.

The defendants adopt the position that, even if the Court should rule adversely to them on the question of jurisdiction, this action is barred by a one year period of limitation. They arrive at the one year period on a twofold basis.

The defendants advance the familiar principle that, if a wrongful death statute

includes a special period of limitations, the limitation will be construed as limiting not only the remedy but also the cause of action itself. If such period of limitation has run, the remedy is not only suspended but the cause of action itself is extinguished. The limitation is one of extinguishment and not one of repose. This type of limitation travels with the cause of action and is applicable in whatever forum the action is brought. If the limitation, however, affects only the remedy, the period of limitations of the forum will be applied. The defendants argue that since the Arizona death statute includes no special limitation, its limitation is one of repose rather than extinguishment; and, therefore, the limitation of the forum, namely the one year period of the Illinois wrongful death act, Ill.Rev. Statutes, Ch. 70, Sec. 2, should be applied. In support of this contention, the defendants cite the recent case of Anderson v. Linton, 7 Cir., 178 F.2d 304.

■ If, however, this court should rule that the Arizona period of limitations is applicable, it is the defendants' position that the court should apply Sec. 29–201(3) of the Arizona Code Annotated, which prescribes a one year period of limitation for an action "Upon a liability created by statute, other than a penalty of forfeiture." They argue that, since an action for wrongful death was unknown at common law and is one created solely by statute, the above-mentioned section should be applied rather than Sec. 29–202(5) of the Arizona Code Annotated, which provides a two year period of limitations for an action upon "Injuries done to the person of another where death ensued from such injuries, which action shall be considered as having accrued at the death of the party injured." In a careful search, no case has been found, which relates to the problem of limitations and the Arizona wrongful death statute. As this court examines the two quoted sections, it seeks to arrive at the clear and simple meaning of the words contained therein. If it were to adopt the position that the one year limitation period of Sec. 29–201(3) were applicable to an action for wrongful death, it appears quite clear that the two year provisions of Sec. 29–202(5)

would be superfluous. The phrasing of this latter section is such that it could apply only to an action for wrongful death. Therefore, it is the view of this court that, if an Arizona period of limitation is applicable, the court must apply the two year period of Sec. 29–202(5).

Basically, in the case before the bar, this Court must determine whether the two year period of Arizona or the one year period of Illinois will control this action.

■ When the statute of a state gives a right of action, unknown to the common law, and limits the time within which the action may be brought, such limitation is operative in any jurisdiction where the action is sought to be enforced. This proposition rests upon the principle that the period of limitation not only bars the remedy but extinguishes the cause of action itself. It is a necessary element of the action. The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358; Boyd v. Clark, C.C., 8 F. 849; Theroux v. Northern Pac. R. Co., 8 Cir., 64 F. 84; Anderson v. Linton, supra; Coffman v. Wood, D.C., 5 F.Supp. 906. When the limitations of the creative state merely bars the remedy, the federal court must apply the limitations of the forum. Haefer v. Herndon, D.C., 22 F.Supp. 523; Riley v. Union Pacific Railroad Co., 7 Cir., 177 F.2d 673; Anderson v. Linton, supra.

■ When a state by statute creates a right of action, unknown at the common law, and a period of limitations is prescribed in a different statute, such period of limitations will be applied in an action to enforce that right in a different state provided it is directed to the newly created liability so specifically as to warrant saying that it qualifies the right. Davis v. Mills, 194 U.S. 451, 24 S.Ct. 692, 48 L.Ed. 1067; Maki v. George R. Cooke Co., 6 Cir., 124 F.2d 663, 146 A.L.R. 1352, certiorari denied 316 U.S. 686, 62 S.Ct. 1274, 86 L.Ed. 1758. These decisions rest upon the theory that, if a court, by comity, will enforce a statutory right created by the legislature of a sister state in derogation of the common law, it should recognize the full intent of that legislature and enforce the statutory right with all its specific qualifications

726

whether they appear in the statute creating the right or in a separate statute.

As stated previously, no case has been found which involves the limitations of actions under the Arizona death statute. An examination of the legislative history of the Arizona death statute can serve to cast some light on the problem. First of all, the present two year period of limitations, as found in Sec. 29–202(5) of the 1939 edition of the Arizona Code Annotated, is found in Sec. 2950 of the Arizona Revised Statutes, 1901 edition, Sec. 710(5) of the 1913 edition and Sec. 2059 of the 1928 edition.

The statutory action for wrongful death is set out in Secs. 2764–2766 of the 1901 edition. Sec. 2766 includes a specific proviso that the action must be brought within one year of the date of death. Sec. 3375 of the 1913 edition includes a specific proviso that this action must be brought within two years of the date of death.

In the 1928 edition, the comparable provisions of the 1901 and 1913 editions are found in Sec. 945. This section includes no proviso setting out a special period of limitations.

Aside from the fact that the language of the current Sec. 29–202(5) of the 1939 edition refers solely and specifically to an action for wrongful death, this court is of the opinion that it can reasonably infer from this legislative history that, in 1928, the Arizona legislature omitted the special limitations in the wrongful death statute with the intent that such statutory action be qualified by the specific provisions of Sec. 2059, which is now Sec. 29–202(5) of the 1939 edition. The fact that until the revision of 1928 a special period of limitations was included in the statute creating an action for wrongful death lends support to the reasonableness of this inference. It is, therefore, the view of this court that the two year limitation period of Sec. 29–202(5), both by language and by legislative intent, is directed to the statutory death action so specifically as to warrant saying that it qualifies the right. Consequently, that period of limitation will govern this action in accordance with the rationale of the Davis and Maki cases.

The decedent died on March 9, 1948. This action was filed on February 21, 1950, within the two year provisions of Sec. 29–202(5). The defendant's plea of limitation cannot be sustained.

The case of Anderson v. Linton, supra, upon which the defendants rely can be distinguished from the present case. In that case, the plaintiff sought to apply in a federal district court of Illinois an Iowa period of limitations which is general and which does not refer specifically to an action for wrongful death. Iowa Code Annotated, § 614.1(3). The language of this section is such that it could not be brought within the reasoning of the Davis and Maki cases. Secondly, it is settled Iowa law that this general statute of limitations merely bars the remedy but that does not extinguish the cause of action. Burns v. Burns, 233 Iowa 1092, 11 N.W.2d 461, 150 A.L.R. 306; Williams v. Burnside, 207 Iowa 239, 222 N.W. 413, Anderson v. Anderson, 234 Iowa 277, 12 N.W.2d 571. No such judicial determination has been made relative to the Arizona statute of limitations under consideration in this case.